OPINION OF THE COURT
Joseph Rosenzweig, J.
This is a motion for summary judgment in lieu of complaint, brought under CPLR 3213, based on a cognovit judgment from the State of Pennsylvania. The judgment was entered by the prothonotary, Clerk of the Court of Common Pleas, prior to the defendant’s default. Such a procedure is permissible under Pennsylvania law. (Pennsylvania Rules of Civil Procedure, Pa Cons Stats Ann, tit 42, § 2951, subd [a].) The sole issue before the court is whether the judgment should be entered in New York in accordance with the full faith and credit provisions of section 1 of article IV of the United States Constitution. It is the opinion of this court that it should not.
The plaintiff in this case is the third assignee of a promissory note given by the defendant, a resident of Queens County, and her husband in connection with the *862 purchase of land in Pennsylvania. The note contains a cognovit clause which sets forth, inter alla, an irrevocable warrant of authority to “the prothonotary or clerk or . any attorney of any court of record within the United States, or elsewhere,” to confess judgment against the promissors at any time. The clause concludes with the following provision: “[T]he seller or holder expressly agrees that the right to confess judgment or the exercise thereof shall not create or constitute a security interest in or a lien upon the undersigned’s principal residence described below and hereby expressly réleases such real property from the lien of any judgment confessed pursuant to this instrument and authorizes the prothonotary to note such release upon his records”. The line for description of the principal residence was left blank.
The note was signed on August 27, 1973, and judgment in the amount of $13,664.40 was entered on September 21, 1973. There is no reference on the judgment to any release of the debtors’ principal residence from a judgment lien. The defendant apparently made installment payments on the note for about two and a half years before defaulting in 1976. Plaintiff now seeks to enter judgment in New York in order to secure the unsatisfied balance of $5,921.24.
In opposition the defendant raises certain breach of contract defenses, stated only in conclusory terms, which are irrelevant to this motion in any event. The defendant correctly points out, however, that if entered here, the judgment is almost certain to become a lien on her principal residence, in apparent contradiction to the agreement of the parties and the warrant of authority to confess. judgment. When a transcript of a Civil Court judgment is filed with the County Clerk pursuant to sections 1502 and 1505 of the Civil Court Act, the judgment is enforceable in the same way as a Supreme Court judgment and becomes a lien on real property by operation of law. (CPLR 5018, subd [a]; 5203, subd [a].) The plaintiff argues that failure to describe the residence renders the provision ineffectual and that the defendant did not own the premises she lived in at the time of the transaction. It appears to this court, however, that the provision, obviously *863 drafted by plaintiff’s assignor, was intended to have some meaning and so must have been meant to apply to an after-acquired residence.
We note that so far the defendant has not had an opportunity to be heard on the merits in Pennsylvania. This court, of course, has no authority to review the merits of a judgment of a sister State. Nor does New York law provide for a judgment to be opened on the merits after it is entered. Thus, if the judgment is entered in New York there may never be a determination of the dispute on its merits. That fact alone may be insufficient to cause alarm. But when the judicial procedures of two States combine to preclude such a determination, as in this lawsuit, the effect is not merely harsh, but amounts to a deprivation of property without due process of law.
We may begin with the basic principle that a judgment is entitled to full faith and credit if it is valid where rendered, if it is conclusive in the forum State, and if it is consistent with the due process requirements of the United States Constitution. (US Const, art IV, § 1; US Code, tit 28, § 1738; Atlas Credit Corp. v Ezrine, 25 NY2d 219.) A court may properly look beyond the face of a foreign judgment to verify those three elements. Typically, the inquiry will seek to determine if the rendering State had jurisdiction over the parties or whether the judgment was interlocutory or final. Occasionally, however, a motion that calls for a simple application of full faith and credit actually exposes problem areas where constitutional principles and public policy are difficult to reconcile.
Such was the case when the leading New York decision involving recognition of Pennsylvania cognovit judgments was decided. In Atlas Credit Corp. v Ezrine (supra), the Court of Appeals distinguished between a written confession made during a lawsuit and a cognovit clause that gives an unlimited warrant of attorney to a third party, usually unknown to the debtor, to confess judgment at any time without prior notice, even before an action is commenced. This latter form of confession is rejected in most States and our highest court has declared it to be repugnant to New York’s policy, as well. (Atlas Credit Corp. v Ezrine, supra, pp 225, 230-231.)
*864 The Atlas decision refused enforcement to Pennsylvania cognovit judgments on two grounds: first, the unlimited warrant of attorney was said to be void for uncertainty and a sufficient violation of due process to deprive the rendering court of jurisdiction; second, the judgment itself was held to be a debt instrument created by ministerial act, rather than a judicial determination entitled to full faith and credit.
Subsequently, in 1972, the United States Supreme Court had occasion to review the constitutionality of cognovit judgments in Ohio and Pennsylvania. As a result of two companion decisions, Overmyer Co. v Frick Co. (405 US 174) and Swarb v Lennox (405 US 191, petition for reh den 405 US 1049) the Atlas grounds for denying full faith and credit, discussed above, would probably no longer be valid. However, it is still true under the authority of Atlas (supra) that where a foreign cognovit judgment is found to result in a denial of due process, the judgment is not entitled to full faith and credit in New York. Our public policy would then prevail and the judgment would not be enforceable in our courts.
We consider next the rulings made by the United States Supreme Court and how they apply to the case before us.
In Overmyer Co. v Frick Co. (supra), an Ohio case, the court noted the rights to notice and a prejudgment hearing are subject to waiver, and ruled that “a cognovit clause is not, per se, violative of Fourteenth Amendment due process”. (Overmyer Co. v Frick Co., supra, pp 187, 185.) Where two corporations, dealing at arm’s length and with advice of counsel, contracted for a cognovit provision, the waiver of notice was knowing and the provision was constitutional. The court pointed out, however, that the holding depended on the facts and that different facts might yield other legal consequences as, for example, where the contract is one of adhesion, where there is great disparity of bargaining power and where the debtor receives nothing for the cognovit provision. The court noted, as well, that “in Ohio the judgment court may vacate its judgment upon a showing of a valid defense”. (Overmyer Co. v Frick Co., supra, p 188; emphasis supplied.)
*865 Swarb v Lennox (supra) was a class action involving cognovit judgments against consumers in Pennsylvania. The court extended the Overmyer holding to individual debtors, but restricted its review to the narrow issue raised on appeal — whether it was proper to limit the class to be afforded relief to those whose annual incomes were $10,000 or less. However, the Swarb decision (p 195) also discussed the “pervasive and drastic character of the Pennsylvania system” at some length and, in effect, warned that the Pennsylvania system might not fare as well as that of Ohio were the facts of individual cases reviewed. (Swarb v Lennox, supra, p 201.)
We note here that under Pennsylvania law a debtor can petition the judgment court to strike or open a cognovit judgment by petition that includes all defenses and shows prima facie grounds for relief At the time of Swarb (supra) the burden of persuading the court was on the petitioner, but in 1973, in response to criticism in Overmyer (supra) and Swarb, the statute was amended to ease the burden of proof on the debtor. The court must now open the judgment if there is sufficient evidence to go to a jury (Pa Cons Stats Ann, tit 42, § 2959, and Explanatory Comment — 1973).
The constitutionality of the Pennsylvania laws was considered after Overmyer (supra) and Swarb (supra) in Chit-tester v LC — DC—F Employees of G.E. Fed. Credit Union (384 F Supp 475). That court ruled that the point at which deprivation of a significant property interest occurs is a judicial sale on execution of a debtor’s property and that a meaningful time for a hearing would be prior to the issuance of any writ of execution. Since defenses can be raised prior to execution, the Pennsylvania procedure was held not to be unconstitutional.
This court favors the view that a significant deprivation of a property interest occurs on entry of judgment, since the resultant lien is a limitation on free alienation. Whichever view prevails, it is clear that the opportunity to be heard yet awaits this defendant in Pennsylvania and would also be precluded in New York by entry of judgment here. The combined effect of the two systems would *866 be an unconstitutional violation of her due process rights. For that reason, the judgment should not be entered.
Other considerations reinforce this court’s decision. Full faith and credit requires the recognizing State to give a judicial act the same effect as it would have in the rendering State. It need not, and probably should not, give it greater effect. (Ohio v Chattanooga Boiler Co., 289 US 439, 443; American Fid. Fire Ins. Co. v Paste-Ups Unlimited, 368 F Supp 219.) Nor should the forum State give the judgment more conclusive finality. (People ex rel. Halvey v Halvey, 330 ÚS 610.) And since the Pennsylvania judgment lacks that degree of finality that we would give it in New York, we also question whether it has the conclusiveness to evoke the full faith and credit requirement.
In addition to our concern over due process and conclusiveness, we note that it is also far from clear that Pennsylvania had constitutional jurisdiction to render the judgment initially. Only two cases involving cognovit judgments in the full faith and credit context were considered by the United States Supreme Court prior to Overmyer (405 US 174, supra) and Swarb (405 US 191, supra). In both cases, the court rejected the judgments for not adhering strictly to the terms of the warrant of authority in the cognovit clause. (Overmyer Co. v Frick Co., supra, p 178; Atlas Credit Corp. v Ezrine, 25 NY2d 219, 227-228, supra; 74 Dick L Rev 750, 752.) It has also been held that the power of the Pennsylvania prothonotary, who has no judicial function, is derived from the instrument under which he acts and not from his office. (Swarb v Lennox, supra, p 195.) Thus the most careful attention should be paid to the cognovit clause that gives the prothonotary the authority to enter judgment. A hearing on the facts of this case in an appropriate forum might show that the failure to note the release of defendant’s principle residence from the judgment lien deprived the Pennsylvania court of jurisdiction to enforce its own judgment. In any event, it cannot be enforced here.
Accordingly, the motion for summary judgment in lieu of complaint is denied. Since there are no issues of fact to be resolved, and no valid basis for enforcement of the foreign judgment exists, the proceeding is dismissed.