OPINION OF THE COURT
 

 Kaye, J.
 

 Judgments by confession, recognized both as "the loosest way of binding a man’s property that ever was devised in any civilized country”
 
 (Alderman v Diament,
 
 7 NJL 197, 198) and as devices that "serve a proper and useful purpose in the commercial world”
 
 (Overmyer Co. v Frick Co.,
 
 405 US 174, 188), in this State have been strictly limited by the Legislature
 
 (see,
 
 CPLR 3218). The present case calls upon us to determine whether a Pennsylvania cognovit judgment, obtained under that State’s laws, should be given full faith and credit here
 
 (see,
 
 US Const, art IV, § 1; 28 USC § 1738). Given the procedures followed in Pennsylvania, we agree with the trial court and the Appellate Division that the Pennsylvania judgment may be enforced against defendant-appellants in New York.
 

 I.
 

 In July 1986, plaintiffs contracted to sell a 14.8 acre parcel located in Patton Township, Centre County, Pennsylvania, to State College Development Company, predecessor in interest to defendant Oakwood Plaza Shopping Center. Defendants Joseph Aronow and Anthony Galioto are principals in Oak-wood. Under the agreement, the purchase price was to be determined by the number of square feet approved by the local authorities for use as retail sales space. Initially, the full purchase price was to be paid at closing — to occur no later than March 1987.
 

 At defendants’ request, a rider was later executed that changed the payment terms: $600,000 to be paid at closing, the remainder secured by a purchase-money mortgage and note. Closing took place on December 23, 1986, at which time plaintiffs delivered the deed to the parcel and defendants paid $700,000 toward the purchase price. Oakwood executed a $1.1 million purchase-money mortgage. Additionally, Oakwood, as well as Aronow and Galioto individually, executed a "bond and warrant” obligating them to pay $1.1 million with interest at 9% per annum. The bond contained a "warrant of
 
 *576
 
 attorney” through which defendants authorized plaintiffs’ attorney to confess judgment against them in the amount of $1.1 million.
 

 Defendants failed to make the required payments. On September 9, 1988, in the Pennsylvania Court of Common Pleas, plaintiffs filed a complaint in confession of judgment as well as a praecipe to enter judgment against defendants (Pa Rules Civ Pro, rule 2951). On the same day, the prothonotary entered final judgment against defendants in the amount of $1,216,145 and sent them a notice of entry of final judgment and a copy of the complaint. A second judgment — in the amount of $1,287,713 — was obtained against defendant Oak-wood on the purchase-money mortgage after Oakwood failed to appear and defend the action.
 

 In November 1988, plaintiffs served a demand for discovery in aid of execution upon defendants. After defendants failed to respond, plaintiffs filed a motion in the Pennsylvania Court of Common Pleas to compel discovery and impose sanctions which the court, in January 1989, granted.
 

 Defendants, in May 1989, filed a petition to open or strike the judgment (Pa Rules Civ Pro, rule 2959). The Court of Common Pleas, after a hearing, denied the petition, concluding that the petition was both untimely and raised no meritorious defense. Three months later, in September 1989, defendants filed an untimely appeal of that decision which was later withdrawn. In October 1989, the Pennsylvania court, after a hearing, held defendants in criminal contempt for failure to comply with the court’s order directing them to respond to plaintiffs’ discovery requests. Substantial monetary penalties were imposed.
 

 Frustrated in their enforcement efforts in Pennsylvania, plaintiffs commenced the present New York action in January 1989 by summons and notice of motion for summary judgment in lieu of complaint
 
 (see,
 
 CPLR 3213). The action, originally framed as one "upon an instrument for the payment of money only” (based on the bond and warrant), was later converted into an action upon the two Pennsylvania judgments. Defendants filed a cross motion to dismiss for legal insufficiency (CPLR 3211 [a] [7]).
 

 Supreme Court granted plaintiffs’ motion for summary judgment, concluding that the Pennsylvania court had personal jurisdiction over defendants, that due process requirements had been satisfied, and that the judgments were valid and
 
 *577
 
 conclusive in the forum State. As a result, the court concluded, the Pennsylvania judgments were entitled to full faith and credit. Finally, the court denied defendants’ cross motion, holding that it was precluded from looking beyond the jurisdictional aspects of the Pennsylvania proceedings.
 

 The Appellate Division affirmed, agreeing that the Pennsylvania cognovit judgment on the bond and warrant should be accorded full faith and credit. The court concluded that under the circumstances "where the parties were engaged in an arm’s length business transaction, were represented by counsel, and the defendant was on actual notice of the entry of the judgment and, in fact, sought to challenge same prior to execution, it cannot be said that the cognovit judgment amounted to a deprivation of property rights without due process.” (164 AD2d 737, 742.)
 

 On this appeal, defendants again attempt to argue the merits of the Pennsylvania judgment. In addition, defendants argue that cognovit judgments as a matter of law are not entitled to full faith and credit in this State, citing this Court’s decision in
 
 Atlas Credit Corp. v Ezrine
 
 (25 NY2d 219). Plaintiffs respond that United States Supreme Court decisions rendered after
 
 Atlas
 
 have made clear that cognovit judgments are not per se unconstitutional. Rather, plaintiffs assert, a case-by-case analysis is required to determine whether defendants voluntarily, knowingly and intelligently waived their rights to notice and an opportunity to be heard. The facts clearly demonstrate that such a valid waiver was effected, according to plaintiffs, and therefore the Pennsylvania judgment should be afforded full faith and credit. Agreeing with plaintiffs’ arguments, we now affirm the Appellate Division order.
 

 II.
 

 As a matter of full faith and credit, review by the courts of this State is limited to determining whether the rendering court had jurisdiction, an inquiry which includes due process considerations
 
 (Parker v Hoefer, 2
 
 NY2d 612,
 
 cert denied
 
 355 US 833;
 
 see also, Augusta Lbr. & Supply v Sabbeth Corp.,
 
 101 AD2d 846; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3213.04). Thus, inquiry into the merits of the underlying dispute is foreclosed; the facts have bearing only in the limited context of our jurisdictional review
 
 (Parker v Hoefer, supra,
 
 at 616-617). Moreover, although this is a confessed judgment, defen
 
 *578
 
 dants have been offered, and have availed themselves of, a full and fair opportunity to argue the merits in the Pennsylvania courts.
 

 The cognovit is a contractual provision, employed as a security device, whereby the obligor consents in advance to the creditor’s obtaining a judgment without notice or hearing
 
 (see, Overmyer Co. v Frick Co.,
 
 405 US, at 176,
 
 supra).
 
 In the present case, the cognovit contained a "warrant of attorney,” a provision that empowers any attorney to enter the obligor’s appearance in any court of record and to waive — on the obligor’s behalf — process and consent to the entry of judgment
 
 (Atlas Credit Corp. v Ezrine,
 
 25 NY2d, at 225,
 
 supra).
 

 In
 
 Atlas,
 
 this Court held that the Pennsylvania cognovit judgment in issue was not entitled to full faith and credit. First, we concluded that the cognovit "judgment” was a judgment in name only, having none of the "mínimums of judicial process” usually associated with that term. For that reason alone, the cognovit judgment was not entitled to full faith and credit (25 NY2d, at 229-230,
 
 supra).
 
 Second, as recognition of the judgment was not constitutionally mandated, we determined that enforcing the cognovit judgment would be repugnant to New York policy (25 NY2d, at 230). Finally, we held that even assuming the cognovit could qualify as a judgment for full faith and credit purposes, the Pennsylvania judgment was not enforceable in this State because cognovit judgments that provide for entry of a judgment by confession anywhere in the world without notice are per se unconstitutional (25 NY2d, at 231-232).
 

 In
 
 Atlas,
 
 this Court noted that United States Supreme Court precedent considering cognovit judgments stood only for the proposition that the terms of a warrant of attorney should be strictly construed (25 NY2d, at 227,
 
 supra).
 
 The Supreme Court had not yet spoken on the constitutionality of such judgments. Several years after
 
 Atlas
 
 — in the companion cases
 
 Overmyer Co. v Frick Co.
 
 (405 US 174,
 
 supra)
 
 and
 
 Swarb v Lennox
 
 (405 US 191) — the United States Supreme Court did have the opportunity to consider whether cognovit judgments were per se unconstitutional.
 

 In
 
 Overmyer,
 
 the Court ruled that Ohio’s cognovit procedure was not per se unconstitutional (405 US, at 187,
 
 supra).
 
 Instead, the Court directed attention to the effectiveness of the obligor’s waiver of due process rights, a necessarily fact-specific inquiry, concluding from the facts that the obligor there
 
 *579
 
 had effectively waived those rights
 
 (id.).
 
 First, the Court assumed that the proper standard for determining the effectiveness of the waiver was the same as in criminal proceedings, "that is, that it be voluntary, knowing, and intelligently made” (405 US, at 185). The Court emphasized that the obligors were sophisticated corporations, represented by counsel, involved in an arm’s length commercial transaction. Furthermore, the cognovit clause was contained in a contract modification that had been effected after the obligor defaulted on its obligations and for which it received consideration. Thus, the Court concluded, the obligor in
 
 Overmyer
 
 had effectively waived its right to notice and a hearing.
 

 Finally, the Court in
 
 Overmyer
 
 observed that the obligor was not — by execution of the cognovit clause — rendered defenseless (405 US, at 188,
 
 supra).
 
 Rather, under Ohio law the obligor could seek to vacate the judgment — indeed, the obligor had in fact had a postjudgment hearing in an Ohio court. The concurrence emphasized the availability of postjudgment hearing as an avenue of relief for an obligor with a legitimate defense (405 US, at 189-190 [Douglas, J., concurring]).
 
 [1]
 

 In
 
 Swarb,
 
 the Supreme Court considered a constitutional challenge to the Pennsylvania cognovit judgment scheme, and rejected plaintiffs’ argument that the procedure was invalid on its face. The Court, citing
 
 Overmyer,
 
 reiterated that "under appropriate circumstances, a cognovit debtor may be held effectively and legally to have waived those rights he would possess if the document he signed had contained no cognovit provision.” (405 US, at 200,
 
 supra.)
 

 We therefore consider the impact of
 
 Overmyer
 
 and
 
 Swarb
 
 on our earlier holding in
 
 Atlas
 
 that Pennsylvania cognovit judgments are not entitled to full faith and credit.
 

 It is evident that the conclusion reached in
 
 Atlas
 
 concerning the per se unconstitutionality of the Pennsylvania cognovit scheme is itself no longer valid in light of the subsequent Supreme Court decisions
 
 (see, Money Mgt. v Vetere,
 
 107 Misc 2d 861, 863-864;
 
 In re PCH Assocs.,
 
 122 Bankr 181, 194-195 [SD NY] [questioning the continued validity of the
 
 *580
 

 Atlas
 
 analysis in light of
 
 Overmyer
 
 and
 
 Swarb]; see also,
 
 Siegel, NY Prac § 300, at 430-431 [Prac 2d ed] [same]). Cognovit judgments entered in other jurisdictions cannot automatically be denied full faith and credit; rather, enforceability must depend on the facts of each case. More particularly, it must be determined that the judgment debtor made a voluntary, knowing and intelligent waiver of the right to notice and an opportunity to be heard.
 

 In that
 
 Overmyer
 
 and
 
 Swarb
 
 did not raise full faith and credit issues, it is arguable that the determination in
 
 Atlas
 
 that cognovit judgments are not judgments in the ordinary sense of the word would bar enforcement of such judgments in this State. Even assuming the continued validity of this line of reasoning, however, we note that the Pennsylvania cognovit judgment scheme has been amended in several areas relevant to the concerns expressed in
 
 Atlas (see,
 
 Pa Rules Civ Pro, rule 2951
 
 et seq.).
 
 The main concern in
 
 Atlas
 
 was that the Pennsylvania cognovit procedure provided little in the way of judicial intervention, resembling more a "purely personal act.” (25 NY2d, at 230,
 
 supra.)
 
 In addition to amending the procedure for opening the cognovit judgment to reduce the burden on the petitioning judgment debtor — thereby facilitating access to a judicial determination of the merits of the underlying claim —the Pennsylvania statute now provides that notice of entry be mailed by the court clerk rather than the plaintiff’s attorney (Pa Rules Civ Pro, rule 236). Judgments rendered pursuant to this procedure are therefore "judgments” for full faith and credit purposes.
 

 Defendants make one additional threshold argument concerning the validity of the Pennsylvania judgment, claiming that in the "predispute” context a hearing must be held to determine waiver
 
 prior
 
 to the entry of judgment in the forum State
 
 (see, Isbell v County of Sonoma,
 
 21 Cal 3d 61, 145 Cal Rptr 368, 577 P2d 188,
 
 cert denied
 
 439 US 996). The distinction, according to defendants, rests on the indicia of reliability present when the cognovit judgment is entered into following the development of a full-blown controversy. This argument is without merit.
 

 Rather than an artificial dichotomy based on the timing of the "dispute” — one that finds no support whatever — the need for a hearing should be determined on a case-by-case basis. A hearing at some stage would clearly be warranted where the record is insufficient to support a waiver determina
 
 *581
 
 tian
 
 (see, In re PCH Assocs.,
 
 122 Bankr, at 193-194,
 
 supra).
 
 We cannot agree with defendants, however, that as a matter of law there must in every instance be a prejudgment hearing to determine whether the debtor waived its right to notice and a prejudgment hearing.
 
 [2]
 

 Thus, there is no per se constitutional barrier to enforcement of Pennsylvania cognovit judgments.
 

 III.
 

 We are left then with the Supreme Court’s conclusion that "due process rights to notice and hearing prior to a civil judgment are subject to waiver.”
 
 (Overmyer Co. v Frick Co.,
 
 405 US, at 185,
 
 supra.)
 
 All that remains is to apply the waiver analysis in the present case to determine whether defendants voluntarily, knowingly and intelligently waived those rights. We conclude that they did waive those rights as a matter of law.
 

 Defendants were sophisticated parties involved in an arm’s length commercial transaction — the transfer of a parcel of land for development as a shopping mall
 
 (see, In re FRG, Inc. v Manley,
 
 919 F2d 850, 857 [3d Cir]). The purchase price of the land alone was well in excess of $1 million, indicating the magnitude of the project. Furthermore, the parties were represented by counsel in negotiating the terms of the agreement. Defendant Aronow claims not to have had counsel — a fact disputed by plaintiffs — but Aronow himself is an attorney.
 

 Defendants also claim that they received no consideration for the cognovit provision, citing the Supreme Court’s observation in
 
 Overmyer
 
 that the creditors in that case had made specific concessions in order to obtain the confession of judgment clause. In fact, the present case resembles
 
 Overmyer
 
 in this respect: defendants sought modification of the payment terms — from a lump sum due at closing to a two-year payment schedule — and in return for this modification executed the bond and warrant. Clearly, that security device was given in exchange for the extended payment schedule.
 

 
 *582
 
 Finally, defendants argue that, unlike the obligors in
 
 Overmyer,
 
 they were unaware of the cognovit clause, which they claim was "buried” in the bond and warrant. In
 
 Overmyer,
 
 the Supreme Court noted that the obligor did not contend that it was unaware of the cognovit provision and that "[i]ndeed, it could not do so in the light of the facts.” (405 US, at 186,
 
 supra.)
 
 The facts before us likewise belie defendants’ assertion that they were unaware of the cognovit provision. The bond and warrant is a three-page document, with the cognovit clause the only provision on the last page, several lines above defendants’ signatures. The bald assertion that these sophisticated defendants, entering upon a significant transaction, did not read the document cannot excuse their legal obligation or overcome the substantial evidence of waiver
 
 (see, Metzger v Aetna Ins. Co.,
 
 227 NY 411, 416).
 

 As the Supreme Court noted, "where the contract is one of adhesion, where there is great disparity in bargaining power, and where the debtor receives nothing for the cognovit provision, other legal consequences may ensue.”
 
 (Overmyer Co. v Frick Co.,
 
 405 US, at 188,
 
 supra.)
 
 By contrast, the contract here was not one of adhesion, but rather represented a bargain struck between sophisticated commercial parties. It is clear that defendants made a voluntary, knowing and intelligent waiver of their right to notice and an opportunity to be heard, and should be held to the consequences of their conduct.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Wachtler and Judges Simons, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed, with costs.
 

 [1]
 

 . Justice Douglas contrasted the Ohio postjudgment procedure with the Pennsylvania procedure involved in
 
 Swarb v Lennox
 
 (405 US 191), which he found imposed a stiffer — and "undue” — burden of persuasion on the debtor (405 US, at 190, n,
 
 supra).
 
 The Pennsylvania procedure was subsequently amended, and now places the same burden of persuasion on the debtor as was found in the Ohio scheme — sufficient evidence to raise a jury question
 
 (see,
 
 Pa Rules Civ Pro, rule 2959 [e]).
 

 [2]
 

 . The California Supreme Court in
 
 Isbell
 
 was concerned with an entirely different procedure. That court — in concluding that a hearing prior to entry of judgment was required — contrasted the California scheme to the Ohio scheme involved in
 
 Overmyer
 
 by emphasizing that California provided for no notice of entry of judgment and severely restricted the grounds for postjudgment attack (577 P2d 188, 195). As noted, the Pennsylvania scheme is identical to the Ohio scheme in these respects.