■ SERVISTAR CORPORATION, Respondent, v RONNIE MARX et al., Appellants. [630 NYS2d 146] —Mercure, J. P. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered May 4, 1994 in Clinton County, which granted plaintiff's motion for summary judgment in lieu of complaint.

Plaintiff, a Pennsylvania corporation, brought an action in Pennsylvania against defendants, residents of Clinton County, on their personal guarantee of indebtedness of Airport Lumber & Wood Products, Inc. (hereinafter Airport). Plaintiff obtained judgment against defendants upon their default in appearing or answering and then commenced this action on the judgment by summons and notice of motion for summary judgment in lieu of complaint pursuant to CPLR 3213. Supreme Court granted the motion and defendants appeal.

The only issue that need be considered is whether the Pennsylvania court properly obtained long-arm jurisdiction over defendants (*see, Fiore v Oakwood Plaza Shopping Ctr.*, 78 NY2d 572, 577, *cert denied* 506 US 823; *China Express v Volpi & Son Mach. Corp.*, 126 AD2d 239, 242). Because Pennsylvania's long-arm statute (42 Pa Cons Stat § 5322 [b]) grants its courts jurisdiction to the fullest extent possible under the United States Constitution, which may be based on the minimum constitutionally permissible contacts, personal jurisdiction over nonresident defendants is bounded by the due process limitations of the 14th Amendment (*see, National Can Corp. v K Beverage Co.*, 674 F2d 1134, 1136; *China Express v Volpi & Son Mach. Corp., supra*).

The underlying factual scenario is uncomplicated and for

the most part undisputed. Defendant Ronnie Marx (hereinafter defendant) is the principal (president and $51^2/3\%$ shareholder) of Airport, a closely held corporation. Plaintiff operates as a purchasing cooperative for retail dealers in hardware, lawn and garden or lumber and building supplies, with over 3,600 member dealers across the Nation. Defendant executed a "Retailer's Application for Membership and Membership Agreement" on behalf of Airport in January 1989 (the "1-19-88" date on the instrument appears to be in error, but the precise date is in any event irrelevant to our determination).

After reviewing the financial statement submitted with the application, plaintiff advised Airport that it required a personal guarantee. Although defendant offered to guarantee Airport's debts to plaintiff, the assets held in his sole name were insufficient to satisfy plaintiff's credit requirements. Plaintiff indicated, however, that it would accept a guarantee that was also executed by defendant's wife, defendant Alice Marx, thereby permitting plaintiff to consider the value of defendants' jointly held assets in its determination of creditworthiness. Apparently finding that arrangement acceptable, defendants executed the requested guarantee on March 2, 1989 and plaintiff accepted the application for membership on March 10, 1989.

Based upon these facts, we agree with Supreme Court that defendants' contacts with Pennsylvania were sufficient to permit long-arm jurisdiction over them. By executing and delivering their guarantee to plaintiff, in furtherance of their undeniable objective of inducing plaintiff to enter into a contractual relationship with and to extend its credit to Airport, defendants each " 'purposefully directed' " their activity toward a Pennsylvania resident (see, Burger King Corp. v Rudzewicz, 471 US 462, 472) and thereby availed themselves of the privilege of conducting business in that State (see, Hanson v Denckla, 357 US 235, 253). Under the circumstances, their conduct and connection with Pennsylvania were such that they should have reasonably anticipated being haled into court there (see, World-Wide Volkswagen Corp. v Woodson, 444 US 286, 297; Mellon Bank v Farino, 960 F2d 1217). Further, it cannot be seriously disputed that by its contract and course of dealing with plaintiff, Airport had substantial contacts with Pennsylvania, and defendant's significant involvement in the corporation and his personal stake in its success blurred the interests of the two (see, National Can Corp. v K Beverage Co., supra, at 1137). Although Alice Marx's interest was less obvious, we agree with the Sixth Circuit's conclusion that one spouse's marital interest in the other's stock is sufficient to

furnish the necessary minimum contacts (*see, supra*). It is also significant that, although the guarantee executed by defendants contains no choice-of-law provision, the membership agreement thereby induced specifically provides that it "shall be deemed made and entered into in the Commonwealth of Pennsylvania and shall be interpreted, construed, and governed under the laws thereof" (*Marathon Metallic Bldg. Co. v Mountain Empire Constr. Co.*, 653 F2d 921).

We are not persuaded that the 2-to-1 decision of a Pennsylvania intermediate appellate court in *Snavely & Sons v Springland Assocs.* (411 Pa Super 1, 600 A2d 972) compels a contrary result. First, it is fundamental law that the facts of each individual case must be considered in determining whether the requisite minimal contacts exist (*see, Burger King Corp. v Rudzewicz, supra*, at 485-486). Second, because Pennsylvania has permitted its courts to reach to the constitutional limits in pursuing nonresident defendants, the question is properly one of Federal law (*see, National Can Co. v K Beverage Co., supra*) and we are by no means limited to a consideration of Pennsylvania decisions on the issue.

Defendants' remaining contentions have been considered and found unavailing.

Crew III, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.