■ Diamond R. Fertilizer Co., Inc., Respondent, v Lawrence N. Scheinthal et al., Appellants. [673 NYS2d 329] —In an action pursuant to CPLR 3213 for summary judgment in lieu of complaint to enforce a judgment obtained in the State of Florida, the defendants appeal from a judgment of the Supreme Court, Nassau County (Goldstein, J.), dated April 4, 1997, which, upon granting the motion, is in favor of the plaintiff and against them in the principal sum of $123,423.53.

Ordered that the judgment is affirmed, with costs.

In 1993 the plaintiff obtained a judgment in the State of Florida against, among others, the defendants, upon their default in appearing in that action. The defendants moved in Florida to vacate the judgment on the ground that they had not been properly served. After a hearing, their motion was denied. In 1995 the plaintiff commenced this action by motion for summary judgment in lieu of complaint to enforce the Florida judgment in the New York courts. The defendants opposed, arguing that the Florida court had not had jurisdiction over them and that the Florida judgment should not be given full faith and credit. The Supreme Court granted the motion pursuant to CPLR 3213, and we affirm.

The defendants appeared in the Florida action and contested personal jurisdiction. Since that issue was decided against them, its relitigation is foreclosed in the New York courts (*see,* US Const, art IV, § 1; *Fiore v Oakwood Plaza Shopping Ctr.,* 78 NY2d 572, *cert denied* 506 US 823; *Baldwin v Iowa State Traveling Men's Assn.,* 283 US 522; Siegel, NY Prac § 471, at 719 [2d ed]; *cf., Bay City Mgt. v Henderson,* 531 So 2d 1013 [Fla]; Fla Stat Annot, RCP § 1.140 [b], [h]). Thus, the Supreme Court did not err in giving full faith and credit to the Florida judgment. Ritter, J. P., Thompson, Altman and McGinity, JJ., concur.