■ STATON WHOLESALE, Respondent, v DAVID D. BARKER, Doing Business as IMPRESS PROMOTIONS, INC., Appellant. [684 NYS2d 44] —Mikoll, J. P. Appeal from an order of the County Court of Saratoga County (Scarano, Jr., J.), entered October 3, 1997, which affirmed a judgment of the City Court of the City of Saratoga Springs granting summary judgment in favor of plaintiff.

Defendant was the proprietor of a T-shirt and sweatshirt business in the City of Saratoga Springs, Saratoga County, from 1981 to 1992. In July 1985, he contracted to buy merchandise from plaintiff, a wholesale business in Texas. As part of the agreement, defendant signed a personal guarantee of payment in full. Defendant sold the business in 1992 and its accounts payable were ultimately transferred to a third party. In 1995, plaintiff filed suit in Small Claims Justice Court in the City of Dallas, Texas (hereinafter the Justice Court), alleging that defendant had failed to remit moneys due on the contract. Counsel for defendant contacted the Justice Court in Dallas by telephone and letter, contesting the court's jurisdiction. The Justice Court disagreed and, on December 8, 1995, granted plaintiff's motion for a default judgment in the amount of $2,270.96. This judgment thereafter served as the basis for plaintiff's motion, filed August 15, 1996 in the City Court of the City of Saratoga Springs (hereinafter Saratoga City Court), seeking summary judgment in lieu of complaint under CPLR 3213. In November 1996, Saratoga City Court conditionally granted plaintiff's motion for summary judgment, giving defendant 30 days to move for vacatur of the judgment rendered by the Justice Court in Dallas. Defendant never availed himself of this opportunity, instead, appealing the Saratoga City Court's judgment to County Court. The judgment was affirmed and this appeal ensued.

As noted above, defendant's attorney made a limited appearance before the Justice Court in Dallas by letter and telephone to contest the issue of whether that court had personal jurisdiction over defendant. When that issue was ultimately decided in the affirmative, it became res judicata and relitigation of the issue was foreclosed in the courts of this State (see, *Diamond R. Fertilizer Co. v Scheinthal*, 251 AD2d 445; see also, Siegel, NY Prac § 471, at 719 et seq. [2d ed]). Hence, County Court did not err by giving full faith and credit to plaintiff's out-of-State judgment and by affirming the judgment in plaintiff's favor (see, US Const, art IV, § 1; see also, *Fiore v Oakwood Plaza Shopping Ctr.*, 78 NY2d 572, cert denied 506 US 823).

Crew III, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.