■ ROCKLAND INDUSTRIES, INC., Appellant, v ROBERT HOROWITZ, Respondent, et al., Defendant. [854 NYS2d 232]—

In an action to enforce a judgment, commenced pursuant to CPLR 3213 by a motion for summary judgment in lieu of complaint, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated June 14, 2007, as denied that branch of the motion which was for summary judgment in lieu of complaint against the defendant Robert Horowitz.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for summary judgment in lieu of complaint against the defendant Robert Horowitz is granted.

In 2006 the plaintiff obtained a judgment in the state of Maryland against the defendants, upon their default in answering or appearing in the Maryland action. The defendant Robert Horowitz moved in Maryland to vacate the judgment insofar as asserted against him on the ground that he had not been properly served. The motion was denied. In September 2006, the plaintiff commenced this action to enforce the Maryland judgment. The

action was commenced pursuant to CPLR 3213 by motion for summary judgment in lieu of complaint. Only Horowitz opposed the motion, arguing that the Maryland court had not obtained personal jurisdiction over him and that its judgment against him should not be given full faith and credit. The Supreme Court denied that branch of the motion which was for summary judgment in lieu of complaint against Horowitz. We reverse the order insofar as appealed from.

Horowitz appeared in the Maryland action and contested personal jurisdiction on several occasions. Since that jurisdictional issue was decided against him, the determination became res judicata and its relitigation was foreclosed in the New York courts (*see* US Const, art IV, § 1; *Staton Wholesale v Barker,* 257 AD2d 902, 903 [1999]; *Diamond R. Fertilizer Co. v Scheinthal,* 251 AD2d 445, 445-446 [1998]; *cf. Fiore v Oakwood Plaza Shopping Ctr.,* 78 NY2d 572, 577 [1991], *cert denied* 506 US 823 [1992]). Accordingly, the Supreme Court should have given full faith and credit to the Maryland judgment against Horowitz (*see Staton Wholesale v Barker,* 257 AD2d 902 [1999]; *Diamond R. Fertilizer Co. v Scheinthal,* 251 AD2d 445 [1998]; *Ionescu v Brancoveanu,* 246 AD2d 414, 416 [1998]). Fisher, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.