PAC Intl. Logistics, Inc. v Haber Intl. Import Export, Ltd. (2023 NY Slip Op 01010)

PAC Intl. Logistics, Inc. v Haber Intl. Import Export, Ltd.

2023 NY Slip Op 01010

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
JANICE A. TAYLOR, JJ.

2020-05403
2020-05404
 (Index No. 501602/20)

[*1]PAC International Logistics, Inc., respondent,
v
Haber International Import Export, Ltd., et al., appellants.

Antar Law Firm, PLLC, Brooklyn, NY (Solomon Antar of counsel), for appellants.
Vlock & Associates, P.C., New York, NY (Stephen Vlock and Steven Giordano of counsel), for respondent.

DECISION & ORDER
In an action to enforce a judgment, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants appeal from (1) an order of the Supreme Court, Kings County (Debra Silber, J.), dated July 9, 2020, and (2) a judgment of the same court, also dated July 9, 2020. The order granted the plaintiff's motion for summary judgment in lieu of complaint. The judgment, upon the order, is in favor of the plaintiff and against the defendants in the total sum of $81,253.10.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In 2009, the plaintiff obtained a judgment in the State of California against the defendants, upon the defendants' default in answering or appearing in a California action. The defendants moved in the California action to vacate the default judgment and for leave to file an answer on the ground, among others, that they had not been properly served with the summons and complaint in that action. The defendants also sought sanctions against the plaintiff. The motion was denied. The defendants thereafter appealed the order denying their motion, which the California appellate court affirmed. In 2018, the plaintiff obtained a renewal of the default judgment, which extended its enforceability for 10 years.
In January 2020, the plaintiff commenced this action to enforce the default judgment by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. The defendants opposed the motion, arguing that the default judgment should not be given full faith and credit because the California courts had not obtained personal jurisdiction over them. The Supreme Court granted the plaintiff's motion and entered a judgment against the defendants. The defendants appeal.
The full faith and credit clause of the United States Constitution (US Const, art IV, § 1) requires that the public acts, records, and judicial proceedings of each state be given full faith and credit in every other state. The purpose of the clause is to avoid conflicts between states in adjudicating the same matters (see Matter of Luna v Dobson, 97 NY2d 178, 182; Balboa Capital Corp. v Plaza Auto Care, Inc., 178 AD3d 646, 647). "The doctrine establishes a rule of evidence . . . which requires recognition of the foreign judgment as proof of the prior-out-of-State litigation and gives it res judicata effect, thus avoiding relitigation of issues in one State which have already been decided in another" (Matter of Farmland Dairies v Barber, 65 NY2d 51, 55; see Matter of
Luna v Dobson, 97 NY2d at 182-183; Balboa Capital Corp. v Plaza Auto Care, Inc., 178 AD3d at 647-648).
Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the default judgment and the order denying the defendants' motion, inter alia, to vacate the default judgment, which obligated the defendants to pay the plaintiff certain amounts, and evidence that the defendants had not paid the amounts awarded therein (see CPLR 3213; Balboa Capital Corp. v Plaza Auto Care, Inc., 178 AD3d at 647; Rockland Indus., Inc. v Horowitz, 50 AD3d 661, 662). While the defendants argue that the California courts had no personal jurisdiction over them, the defendants appeared in the California action and contested personal jurisdiction. Since that jurisdictional issue was decided against them, the determination became res judicata and its relitigation was foreclosed in the New York courts (see US Const, art IV, § 1; Rockland Indus., Inc. v Horowitz, 50 AD3d at 662; Staton Wholesale v Barker, 257 AD2d 902, 903; Diamond R. Fertilizer Co. v Scheinthal, 251 AD2d 445, 445-446).
We decline the plaintiff's request to impose a sanction against the defendants for prosecuting this allegedly frivolous appeal (see 22 NYCRR 130-1.1).
IANNACCI, J.P., CHAMBERS, MALTESE and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court