**ENGINEERING SALES CO., INC., Plaintiff,**

v.

**TECHNI–CAST CORPORATION, Defendant.**

**No. 77–C–745.**

United States District Court, E. D. Wisconsin.

Jan. 20, 1978.

Schalmo & Congdon by Richard A. Congdon, Brookfield, Wis., for plaintiff.

Quarles & Brady by Wayne E. Babler, Jr., Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has moved to quash the service in this case and to dismiss the action because of the want of jurisdiction over the person of the defendant.

The complaint alleges a breach of contract by the defendant in connection with its having engaged the plaintiff as its sales representative. The action was started in the state court and removed to this court at the instance of the defendant.

The defendant is a California corporation with its principal place of business in California. The motion urges that since the defendant was served by process in California and not served within the state of Wisconsin, there was no jurisdiction over Techni-Cast Corporation at the time the plaintiff commenced this action by filing a summons and complaint in the state court of Wisconsin.

█ The court has considered numerous affidavits and briefs submitted by the parties. I am persuaded that the defendant's motion must be granted. The materials now before the court competently demonstrate that the defendant Techni-Cast Corporation did not have substantial contacts with the state of Wisconsin. Due process requires that there be certain minimum contacts with a foreign state in order to find jurisdiction over a non-resident defendant who is served outside of the forum state. *International Shoe Co. v. Wash-ington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). While there is some conduct on the part of the defendant which gives the plaintiff some support, I am convinced that the requirements of due process call for greater contact than is to be found in the case at bar.

█ It is clear that the defendant has had no dealings in Wisconsin except those relating to or arising from its transactions with the plaintiff. Thus, the defendant does not have a place of business in Wisconsin nor is it licensed to do business in such state. Its manufacturing business is conducted entirely in California, and it has never even met with the plaintiff or its representatives in Wisconsin.

There is some dispute as to the amount of sales made to Wisconsin customers, and I am convinced that whether the plaintiff's or the defendant's interpretation is correct, the number of sales and the amount of goods shipped were not sufficient to qualify under the test of *International Shoe*. The plaintiff also urges that the defendant supplies it with calling cards which have a Wisconsin telephone number and, in addition, can be said to have "done business" through the plaintiff's representatives having made solicitations for sales in Wisconsin.

My appraisal of the plaintiff's contentions as to personal jurisdiction leads me to the conclusion that this defendant engaged in only isolated activities and not substantial activities within Wisconsin and therefore was not "present" in this state pursuant to § 801.05(1)(d), Wis.Stats. Traditional notions of fair play require this court to find that the nominal activities of Techni-Cast Corporation in Wisconsin are insufficient to warrant the imposition of personal jurisdiction. See *Balistrieri v. O'Farrell*, 324 F.Supp. 151 (E.D.Wis.1971).

Therefore, IT IS ORDERED that the defendant's motion to quash service and to dismiss this action be and hereby is granted.

IT IS ALSO ORDERED that the plaintiff's action be and hereby is dismissed, without prejudice.