■ STUART MARTIN et al., Respondents, v HENRY J. CAPUTO, Appellant. — Appeal (1) from an order of the Supreme Court at Special Term (Viscardi, J.),

entered January 24, 1983 in Washington County, which granted plaintiffs' motion for summary judgment, and (2) from the judgment entered thereon. An action against defendant in behalf of these plaintiffs was commenced in the Superior Court in the State of Vermont by service of a summons and complaint upon defendant on April 27, 1977. According to an affidavit of service in the record, service was in compliance with subdivision (e) of rule 4 of the Vermont Rules of Civil Procedure, an entry of appearance and an answer were interposed with no reservation of an in personam jurisdiction objection. Furthermore, the question of jurisdiction was not challenged by motion or responsive pleading or in any other fashion. Nearly two years later, defendant's attorney, by application to the court, was permitted to withdraw as counsel. However, the court specifically reserved its personal jurisdiction over defendant, who was granted 30 days within which to obtain new counsel. Some nine months later, plaintiffs moved for judgment after appropriate notice and, when defendant failed to appear personally or otherwise, judgment in the amount of $21,058.36 was granted and entered against him in the Superior Court of the State of Vermont. Shortly thereafter, plaintiffs moved at Special Term in Warren County, New York, for summary judgment based upon the Vermont judgment. Defendant, in response, for the first time in any forum, raised the question of whether the Superior Court of Vermont had obtained jurisdiction and asserted, in spite of the afore-mentioned affidavit of personal service, that he had never been served and that he had not authorized any attorney in Vermont or elsewhere to appear or answer in his behalf. Special Term denied the motion after finding that there might be an issue of fact as to jurisdiction and thus afforded defendant an opportunity to raise the issue in Vermont. Seizing this opportunity, defendant, through the services of the same attorney who filed the entry of appearance and the answer moved to set aside the default judgment pursuant to subdivision (c) of rule 55 and subdivision (b) of rule 60 of the Vermont Rules of Civil Procedure, which provide that for good cause shown, final judgment may be set aside for a mistake, inadvertence, surprise or excusable neglect. Most significantly, in the application for this relief, neither defendant nor anyone in his behalf ever mentioned jurisdiction. A three-Judge Superior Court panel promptly and unanimously denied vacatur. Thereafter, plaintiffs again moved at Special Term for summary judgment and a direction that the County Clerk of the County of Washington, State of New York, enter judgment in favor of plaintiffs in the sum of $21,058.36. Special Term promptly granted judgment accordingly and properly so. It appears that defendant should have raised any objection to jurisdiction either through his first responsive pleading or by a motion to dismiss (see Vt Rules of Civ Pro, rule 12, subd [b]) and, not having done so, waived any such objection (Vt Rules of Civ Pro, rule 12, subd [h], par [1]). Nonetheless, defendant was granted further opportunity to pursue the issue when summary judgment was denied by Special Term in the first instance. Significantly, though granted another opportunity, in his application to vacate the default judgment in Vermont, the question of jurisdiction was never mentioned by defendant and the application was promptly denied by the three-Judge Superior Court panel. As a result, Special Term was confronted with a final judgment of a sister State, which judgment was entitled to full faith and credit (US Const, art IV, § 1). Special Term properly granted summary judgment and must be affirmed. Order and judgment affirmed, with costs. Mahoney, P. J., Main, Casey, Weiss and Levine, JJ., concur.