Michael DAVIS, et al.,
Plaintiffs-Appellants,

v.

A & J ELECTRONICS,
Defendant-Appellee.

No. 85–1845.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 22, 1986.

Decided June 2, 1986.

Michael R. Fox, Madison, Wis., for plaintiffs-appellants.

T. Christopher Kelly, Dewa, Beaudin & Kelly, Madison, Wis., for defendant-appellee.

Before COFFEY and FLAUM, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

Plaintiffs appeal from the district court's dismissal for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) of their federal and state claims against A & J Electronics ("A & J").[1] The primary question presented by this appeal is whether plaintiffs established a prima facie case of personal jurisdiction over A & J in Wisconsin. For the reasons stated below, we will affirm.

## I

Plaintiffs, who are citizens of Illinois, Wisconsin, Minnesota, and Ohio, were the victims of a commercial fraud perpetrated by Lester Berg and his co-defendants Richard Wiley, Mitch Schector, and William Peterson (collectively referred to as "Berg"). Berg, operating as Pacific Coast Laboratories and Guardian Electronics Systems (collectively referred to as "PCL"), advertised in various newspapers for "electronic security" franchises. According to the advertisements, a franchise to sell and to install burglar alarms required an investment of $27,820, and afforded an earnings potential of more than $70,000 for the first year.

When plaintiffs individually contacted Berg for further information, he falsely stated that PCL would supply technical and marketing assistance, and would "buy

---

1. There is some confusion concerning the defendant's name, which, we assume, is taken from the first and middle initials of its president, Arthur J. Goodwin. Plaintiffs use "A & J Electronics," but defendants use "A.J. Electronics." We follow the district court in using "A & J Electronics."

back" any franchise that did not yield the promised return. He represented the value of the inventory sold with a franchise to be $30,000, when it was worth $10,000 at most. He arranged for "shills" to state that they had made annual profits of between $50,000 and $100,000 from the franchises. He falsely stated that PCL's suppliers, A & J and Transcience Industries, Inc. ("Transcience"), were divisions of PCL. As a result of these misrepresentations, plaintiffs paid between $15,410 and $29,820 for franchises to sell and install burglar alarms.

After plaintiffs discovered that the franchises were worth far less than the prices that they had paid, they filed this action, predicated upon federal question jurisdiction, asserting federal and pendent state claims. They obtained a default judgment against Berg for approximately $2,500,000. Apparently because plaintiffs doubted Berg's ability to satisfy the judgments, their second amended complaint named four additional defendants: First Interstate Bank of California, Paul Rengh (a First Interstate employee), Transcience, and A & J.

Plaintiffs alleged that First Interstate and Rengh "gave [plaintiffs] false and misleading information regarding ... [PCL's] reputation, income and accounts." Second Amended Complaint ¶ 34. First Interstate and Rengh settled with plaintiffs, and were dismissed as defendants.

Plaintiffs claimed that Transcience "knowingly allowed its business name and manufacturing facilities to be used by ... PCL to enhance ... [PCL's] false and misleading sales pitch." Id. ¶ 35. The district court granted Transcience summary judgment on plaintiffs' conspiracy, fraudulent misrepresentation, and negligent misrepresentation claims. Plaintiffs do not appeal from this order.

Plaintiffs also alleged that A & J "permitted ... PCL ... to represent A & J's manufacturing facility in Chatsworth, California, as that of PCL ...., thereby bolstering the apparent commercial soundness of ... [PCL] in a false and misleading fash-

ion." Id. ¶ 36. A & J is a sub-contract manufacturer in the electronics industry. It is a California corporation; its principal place of business is in Chatsworth, California. A & J leased space to, and assembled electronic components for PCL. Plaintiffs did not allege or offer any evidence that A & J conducted any business in Wisconsin. The district court dismissed plaintiffs' claims against A & J for lack of personal jurisdiction. Plaintiffs appeal only from the order dismissing A & J.

## II

The issue presented by this appeal is whether, for the purpose of withstanding a motion to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2), plaintiffs established a prima facie case that A & J was subject to personal jurisdiction in Wisconsin. Plaintiffs, A & J and the district judge assumed that personal jurisdiction over A & J depended upon a federal civil-conspiracy theory of personal jurisdiction supposedly adopted by this court in *Textor v. Board of Regents*, 711 F.2d 1387, 1392–93 (7th Cir.1983). The parties and the district judge understood *Textor* to hold that a party to a civil conspiracy is subject to a district court's jurisdiction if a co-conspirator performed a substantial act in furtherance of the conspiracy within the state in which the district court sits. In their view, personal jurisdiction was available under this "civil co-conspirator" theory, even if personal jurisdiction was unavailable under state law and was not authorized by any federal statute or rule of civil procedure. *See Davis v. Guardian Electronics Systems*, No. 82 C 368, slip op. at 1–2 (W.D.Wis. Nov. 16, 1984).

 Both parties and the district judge, however, misread our decision in *Textor*. Unless authorized by federal statute or another rule of civil procedure, a district court under Fed.R.Civ.P. 4(e) can exercise personal jurisdiction over a party who is not an inhabitant of or found within the state in which the federal court sits only if the party is subject to the jurisdiction of the courts of the state in which the

district court sits. *See Jacobs/Kahan & Co. v. Marsh,* 740 F.2d 587, 589 (7th Cir. 1984) (diversity suit); *see also* 2 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 4.25[1] (1985); C. Wright & A. Miller, *Federal Practice and Procedure* ¶ 1124 (1969). Our decision in *Textor* rested upon the Illinois long-arm statute, Ill.Rev.Stat. ch. 110, ¶ 17, which permits the exercise of personal jurisdiction over a party to a civil conspiracy if a co-conspirator acts within Illinois as the party's agent. *See Textor,* 711 F.2d at 1392–93; *Green v. Advance Ross Electronics Corp.,* 86 Ill.2d 431, 440–41, 56 Ill.Dec. 657, 658–659, 427 N.E.2d 1203, 1208 (1981). We did not hold in *Textor* that there is—and indeed there is not—an independent federal "civil co-conspirator" theory of personal jurisdiction.

On appeal, plaintiffs have not advanced any other theory justifying personal jurisdiction over A & J. Indeed, before the district court plaintiffs expressly disclaimed the possibility of asserting personal jurisdiction under Wisconsin law.[2] Plaintiffs are masters of their case. *See, e.g., May v. Evansville-Vanderburgh School Corp.,* 787 F.2d 1105 (7th Cir.1986). Since plaintiffs have staked their case on their reading of *Textor,* we will not search through the record for facts to support an argument for personal jurisdiction that was not presented to the district court or raised on appeal. *See, e.g., Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 315 (7th Cir.1986) ("When a brief does not ... [recite the facts required to establish a legal claim], the court will not root about in the record in the hope that something will turn up."); *EEOC v. Hiram Walker & Sons, Inc.,* 768 F.2d 884, 892 (7th Cir.1985) (issue not raised before district court or in appellate briefs is waived).

In their reply brief, plaintiffs assert for the first time that A & J waived its objection to personal jurisdiction by filing cross-claims against its co-defendants. We, how-ever, will not consider an argument made for the first time in the appellant's reply brief. *See, e.g., Beerly v. Department of Treasury,* 768 F.2d 942, 949 (7th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1184, 89 L.Ed.2d 301 (1986).

### III

For the reasons stated above, the dismissal of plaintiffs' suit for lack of personal jurisdiction is

AFFIRMED.

---

**2.** Plaintiffs stated to the district court that "[t]his court has already ruled that the traditional theory of personal jurisdiction [under Wis. Stat. § 801.05(1)(d) ] was unavailable against both Transcience and the bank, and the plain-tiffs do not seek to raise it with regard to A & J Electronics." Plaintiffs' Brief in Opposition to A & J Electronics's Motion to Dismiss 2, *Davis v. Pacific Coast Labs, Inc.,* No. 82 C 368 (W.D.Wis. filed Aug. 14, 1984).