Katherine CRAM, Plaintiff,

v.

MEDICAL COLLEGE OF WISCONSIN, Douglas R. Campbell, Auerbach Associates, and Judy Auerbach, Defendants.

No. 95–C–1238.

United States District Court, E.D. Wisconsin.

Feb. 20, 1996.

Robert E. Sutton, Milwaukee, WI, for Plaintiff.

Quarles & Brady by Carolyn A. Gnaedinger, Milwaukee, WI, Foley & Lardner by John W. Brahm & Mark E. Toth, Milwaukee, WI, Heidlage & Reece by Jessica Block & Jeffrey L. Levy, Boston, MA, Michael, Best & Friedrich by Peter K. Richardson, Milwaukee, WI, for Defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

On November 2, 1995, plaintiff Katherine Cram filed the above-captioned action in Milwaukee county circuit court. On December 4, 1995, the defendants removed the action to federal court. In their notice of removal, the defendants assert that jurisdiction is based on 28 U.S.C. § 1331. Presently before the court is a motion to dismiss filed by defendants Auerbach Associates and Judy Auerbach based on an asserted lack of personal jurisdiction over those two defendants and also based on the contention that the plain-

tiff's complaint fails to state a claim for relief as to those two defendants.

## I. BACKGROUND

In her complaint, Ms. Cram alleges that she is an adult resident of the state of Minnesota. (Complaint ¶ 1). She states that the Medical College of Wisconsin ["Medical College"] is a public corporation established and chartered by the state of Wisconsin for the purpose of providing training for physicians and surgeons. (Complaint ¶ 2). The plaintiff asserts that Douglas Campbell was, at all times material to this case, employed by the Medical College in the capacity of senior vice president for finance and administration. (Complaint ¶ 3). Auerbach Associates is a small executive search firm located in Boston, Massachusetts. (Auerbach Aff. ¶ 2). The firm has no offices anywhere other than Boston. (Auerbach Aff. ¶ 2).

Between January and June 1993, Auerbach Associates conducted a search for the position of associate vice president for finance and controller at the Medical College at the instance of Mr. Campbell. (Auerbach Aff. ¶¶ 3–4). Ms. Auerbach visited the Medical College campus on January 6 and 7, 1993, in connection with the search. (Auerbach Aff. ¶ 3). Ms. Auerbach has not made any other visits to the state of Wisconsin. (Auerbach Aff. ¶ 3). Ultimately, Auerbach Associates assisted the Medical College in recruiting Ms. Cram for the associate vice president position. (Auerbach Aff. ¶ 4). Auerbach Associates received a $25,000 fee from the Medical College for their placement of Ms. Cram. (Auerbach Aff. ¶ 14). Ms. Cram was employed by the Medical College from August 1, 1993, through January 9, 1995. (Complaint ¶ 7).

Approximately one year after Ms. Cram began her employment with the Medical College, Auerbach Associates made a follow-up telephone call to the Medical College to find out how the plaintiff's new job was going. (Auerbach Aff. ¶ 5). The plaintiff alleges that sometime in November or December 1994 Mr. Campbell retained Auerbach Associates and Judy Auerbach "to surreptitiously conduct an investigation into the character of the plaintiff for the purpose of obtaining

information adverse to the plaintiff such as use of drugs or prior difficulties in employment." (Complaint ¶ 9).

According to Ms. Auerbach, in late November 1994 she received a telephone call from Mr. Campbell regarding Ms. Cram. (Auerbach Aff. ¶ 7). Mr. Campbell expressed concern that Ms. Cram's performance was deteriorating and that he was contemplating terminating her employment because of her performance and her treatment of support staff. (Auerbach Aff. ¶ 7). Mr. Campbell suggested that Ms. Cram's allegedly deteriorating performance may have been caused by a medical problem. (Auerbach Aff. ¶ 7).

Subsequent to that telephone conversation, Ms. Auerbach made telephone calls in late November and early December 1994 to two of Ms. Cram's previous references in Minnesota to ask their impressions of the plaintiff. (Auerbach Aff. ¶¶ 8, 10). Ms. Cram claims that Ms. Auerbach "acting at the instance of the defendant Campbell and in concert and conspiracy with the intent to injure the plaintiff in her reputation and employment" contacted business associates and persons known to the plaintiff to obtain information concerning possible erratic behavior or drug use on the part of the plaintiff. (Complaint ¶ 10). On December 7, 1994, Ms. Auerbach had a telephone conversation with Mr. Campbell regarding Ms. Cram and reported that she had found nothing new about the plaintiff. (Auerbach Aff. ¶ 11). Ms. Auerbach made a few other telephone calls to Mr. Campbell later in 1995. (Auerbach Aff. ¶ 12).

## II. ANALYSIS

Auerbach Associates and Ms. Auerbach [the "Auerbach defendants"] contend that the action against them should be dismissed for lack of personal jurisdiction. See Rule 12(b)(2), Federal Rules of Civil Procedure. Alternatively, the Auerbach defendants maintain that the allegations of the complaint fail to state a claim against them. See Rule 12(b)(6), Federal Rules of Civil Procedure.

### A. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

The Auerbach defendants' memorandum in support of their motion to dismiss is inconsis-

tent with the defendants' notice of removal regarding the basis for federal jurisdiction over this action. In the defendants' notice of removal, they allege that this court has jurisdiction pursuant to 28 U.S.C. § 1331, the federal question statute, based on the plaintiff's third cause of action against the Medical College and Mr. Campbell alleging sex discrimination in violation of Title VII, 42 U.S.C. §§ 2000e *et seq.* However, in the Auerbach defendants' memorandum, they state "[i]n a diversity case such as this one, the federal court first must determine whether jurisdiction is conferred by the forum state's long-arm statute."

While the plaintiff and the defendants appear to be diverse parties, there has been no allegation regarding the amount in controversy such that diversity jurisdiction under 28 U.S.C. § 1332 is readily apparent. Consequently, the court assumes that jurisdiction over the claims asserted against the Auerbach defendants is based on 28 U.S.C. § 1367, the supplemental jurisdiction statute.

 Nevertheless, the analysis involving the personal jurisdiction inquiry is the same. In general, district courts can exercise personal jurisdiction over a non-resident party only if that party would be subject to personal jurisdiction in the forum state's courts. *Davis v. A & J Electronics,* 792 F.2d 74, 75–76 (7th Cir.1986). In addition, the exercise of jurisdiction over a non-resident defendant must comport with the due process requirements of the Constitution. *See International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

 When ruling on a motion to dismiss for lack of personal jurisdiction, the court is not limited to facts alleged in the complaint; it may consider materials submitted by affidavit. *See Nelson by Carson v. Park Indus., Inc.,* 717 F.2d 1120, 1123 (7th Cir.1983), *cert. denied,* 465 U.S. 1024, 104 S.Ct. 1277, 79 L.Ed.2d 682 (1984). The burden of proof rests on the party asserting the existence of jurisdiction. *Id.* With respect to jurisdiction under the relevant state jurisdictional statute, that burden is satisfied by a prima facie showing that personal jurisdiction is conferred under that statute. *Id.* The party asserting jurisdiction is entitled to resolution

of all relevant factual disputes in its favor. *Id.*

### 1. Personal jurisdiction under state law

 The relevant state statute governing personal jurisdiction is the Wisconsin long-arm statute, Wis.Stat. § 801.05. That statute is to be "liberally construed in favor of the exercise of jurisdiction." *Federated Rural Electric Ins. v. Inland Power & Light,* 18 F.3d 389, 391 (7th Cir.1994). Moreover, compliance with the statute is prima facie compliance with the due process requirements. *Lincoln v. Seawright,* 104 Wis.2d 4, 10, 310 N.W.2d 596 (1981). In her response, the plaintiff asserts that jurisdiction is present under three different subsections of § 801.05: namely under §§ 801.05(1)(d), (3) and (4)(a).

 Section 801.05(1)(d) provides that personal jurisdiction exists in any action arising within or without the state against a defendant who, when the action is commenced, "[i]s engaged in substantial and not isolated activities within this state." The Auerbach defendants were not engaged in substantial activities within the state of Wisconsin when this action was commenced in November 1995. The search for someone to fill the controller position was concluded in 1993.

The plaintiff's assertion that the relationship between the Auerbach defendants and the Medical College was an ongoing relationship at the time that the plaintiff filed this action lacks merit. The plaintiff has provided no information, either in her complaint or in opposition to the Auerbach defendants' present motion, to show that the Auerbach defendants were engaged in any activities within the state of Wisconsin at the time she filed this action. Therefore, § 801.05(1)(d) cannot serve as a basis for the assertion of personal jurisdiction over the Auerbach defendants.

 Pursuant to § 801.05(3), a Wisconsin court has personal jurisdiction over a defendant "[i]n any action claiming injury to person or property within or without this state arising out of an act or omission within this state by the defendant." Ms. Cram asserts

that personal jurisdiction is present over the Auerbach defendants based on two telephone calls made to Wisconsin by Ms. Auerbach in late November and early December 1994. On November 30, 1994, Ms. Auerbach placed a call to Mr. Campbell's wife, which she avers was made purely for social purposes to set up a dinner in New York while they were both in New York on December 5, 1994. On December 7, 1994, Ms. Auerbach placed a call to Mr. Campbell to report the results of her conversations with two of Ms. Cram's past references. Ms. Auerbach avers that Mr. Campbell was not available when she called but that he later returned her call.

I do not believe that two phone calls to individuals in the state constitutes "an act or omission within this state." *Cf. Tavoulareas v. Comnas*, 720 F.2d 192, 194 (D.C.Cir.1983) (finding that telephone conversations with individuals in the District of Columbia did not constitute acts within the District of Columbia under the relevant long-arm statute). In my opinion, such acts are insufficient to bring the Auerbach defendants within the purview of § 801.05(3).

Under § 801.05(4)(a), personal jurisdiction is present

> [i]n any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, ...:
>
> (a) Solicitation or service activities were carried on within this state by or on behalf of the defendant; ...

The plaintiff asserts that the Auerbach defendants' actions in November and December 1994 were "part of the ongoing service the employment agency rendered for the fee it receives at placement of the employee."

Ms. Cram has presented no evidence to support that argument. The Auerbach defendants have submitted a copy of the agreement between Auerbach Associates and the Medical College regarding the employment search. That agreement shows that the Auerbach defendants' obligations under the agreement were fulfilled when the controller position was filled. In my opinion, the two telephone calls to Wisconsin in November and December 1994 were not part of the original search agreement and cannot be characterized as "service activities" within the state of Wisconsin.

The Auerbach defendants' activities are insufficient to bring them within any of the applicable provisions of the Wisconsin long-arm statute. Therefore, I find that this court lacks personal jurisdiction over the Auerbach defendants under that statute.

### 2. Jurisdiction under the Due Process Clause

In addition to failing to satisfy the requirements of the Wisconsin long-arm statute, the Auerbach defendants' contacts with Wisconsin are insufficient under the Due Process Clause. A court's assertion of personal jurisdiction must comport with "traditional notions of fair play and substantial justice" in order to comply with the requirements of the Due Process Clause. *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158; *Diamond Mortgage Corp. of Illinois v. Sugar*, 913 F.2d 1233, 1246 (7th Cir.1990). The due process requirements of the Fourteenth Amendment are fulfilled when a defendant has "purposely established 'minimum contacts' in the forum state." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985).

" '[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.' " *Id.* at 475, 105 S.Ct. at 2183 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958)). That requirement ensures that a defendant will not be haled into a jurisdiction based solely on activities that are random, fortuitous or attenuated. *Id.* at 475, 105 S.Ct. at 2183–84. A defendant has purposely availed himself of the privilege of conducting activities within a state where he deliberately engages in significant activities within the state or has created continuing obligations between himself and residents of the forum state. *Id.* at 475–76, 105 S.Ct. at 2183–84.

I do not believe that the Auerbach defendants' agreement with the Medical College created a continuing obligation. Although Ms. Auerbach did contact the Medical College approximately one year after Ms. Cram's placement and did maintain some contact with Mr. Campbell after Ms. Cram's placement, there is no evidence that these were "obligations" under the agreement with the Medical College.

Nor do I believe that the Auerbach defendants' one agreement with the Medical College could be characterized as "significant activities." There is no evidence that the Auerbach defendants solicited business in Wisconsin at any time. Moreover, the plaintiff's present claims against the Auerbach defendants do not arise out of the employment search itself. Such claims are based on actions Ms. Auerbach allegedly took eighteen months after the search was completed.

 In my opinion, the Auerbach defendants' contacts with the state of Wisconsin are insufficient to permit this court's exercise of personal jurisdiction over them in this case consistent with "traditional notions of fair play and substantial justice." I do not believe that the two telephone calls that Ms. Auerbach placed to Wisconsin in November and December 1994 constitute sufficient contacts to bring those defendants within the personal jurisdiction of this court.

## B. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Because of my resolution of the Auerbach defendants' motion to dismiss under Rule 12(b)(2), I need not address their arguments for dismissal under Rule 12(b)(6).

## III. CONCLUSION

The Auerbach defendants' connection to Wisconsin is simply too tenuous to support the assertion of personal jurisdiction over those defendants with respect to the claims asserted by the plaintiff under either the Wisconsin long-arm statute or the Due Process Clause.

## ORDER

Therefore, IT IS ORDERED that defendants Auerbach Associates' and Judy Auerbach's motion to dismiss under Rule 12(b)(2), Federal Rules of Civil Procedure, be and hereby is granted.

IT IS ALSO ORDERED that the claims against defendants Auerbach Associates and Judy Auerbach be and hereby are dismissed, without prejudice, for lack of personal jurisdiction.