■ NEETA DESAI, Respondent, v STERLING FIBERS, INC., Appellant. [733 NYS2d 481] —In an action commenced by motion pursuant to CPLR 3213 for summary judgment in lieu of complaint to enforce a money judgment obtained in the State of Wisconsin upon the defendant's default in appearing or answering, the defendant appeals from an order of the Supreme Court, Nassau County (Davis, J.), dated January 18, 2001, which granted the motion.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the action is dismissed.

The plaintiff, a resident of Wisconsin, contracted with the defendant, a New York corporation, to purchase paper for shipment to India. Alleging that the product was nonconforming, the plaintiff commenced a breach of contract action against the defendant in Wisconsin and served the defendant with process in New York. She obtained a judgment entered upon the defendant's default in appearing or answering, and then commenced this action pursuant to CPLR 3213 for summary judgment in lieu of complaint based on the Wisconsin judgment. The Supreme Court granted the plaintiff's motion. We reverse.

The Supreme Court's inquiry in this case was limited to determining whether the Wisconsin court had jurisdiction over the defendant (*see, Steinberg v Metro Entertainment Corp.,* 145 AD2d 333; *Augusta Lbr. & Supply v Sabbeth Corp.,* 101 AD2d 846). The Supreme Court erred in concluding that Wisconsin

had jurisdiction over the defendant pursuant to Wis St § 801.05 (1) (d), which provides that a court has jurisdiction over a person "[i]n any action whether arising within or without this state, against a defendant who when the action is commenced * * * [i]s engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise." Wis St § 801.05 (1) (d) is Wisconsin's version of a "doing business" statute (*see, Capitol Indem. Corp. v Certain Lloyds Underwriters*, 487 F Supp 1115; *Nagel v Crain Cutter Co.*, 50 Wis 2d 638, 184 NW2d 876; *Travelers Ins. Co. v McArthur & Sons*, 25 Wis 2d 197, 130 NW2d 852). The substantial activities contemplated by the statute are those which are "systematic and continuous" (*see, PKWare, Inc. v Meade*, 79 F Supp 2d 1007, 1012; *Harley-Davidson Motor Co. v Motor Sport*, 960 F Supp 1386, 1389; *Travelers Ins. Co. v McArthur & Sons, supra*, 130 NW2d, at 854).

Contrary to the conclusion reached by the Supreme Court, the defendant's contacts with Wisconsin were insufficient to satisfy the requirements of Wis St § 801.05 (1) (d). The plaintiff was the defendant's only customer in Wisconsin and the parties' business was conducted by facsimile or telephone. They engaged in only three transactions over an approximately 14-month period. The defendant's contacts with Wisconsin were isolated; it was not engaged in systematic and continuous activities in that state when the plaintiff commenced her action there (*see, Engineering Sales Co. v Techni-Cast Corp.*, 444 F Supp 508; *Cram v Medical Coll.*, 927 F Supp 316; *Nagel v Crain Cutter Co., supra*). Since the Wisconsin court did not have personal jurisdiction over the defendant, the plaintiff's motion for summary judgment in lieu of complaint based on that judgment was properly denied and the action dismissed. Santucci, J. P., Goldstein, McGinity and Crane, JJ., concur.