■ DANNY HO, Respondent, v THOMAS J. MCCARTHY, Appellant. [935 NYS2d 310]—

"The full faith and credit clause of the United States Constitution (US Const, art IV, § 1) requires a judgment of one state court to have the same credit, validity, and effect in every other court of the United States, which it had in the state in which it was pronounced" (*Matter of Bennett*, 84 AD3d 1365, 1367 [2011]; *see Madjar v Rosa*, 83 AD3d 1011 [2011]). "[A] default judgment of a sister state can be accorded full faith and credit" (*Progressive Intl. Co. v Varun Cont., Ltd.*, 16 AD3d 476, 477 [2005]), and "review by the courts of this State is limited to determining whether the rendering court had jurisdiction, an inquiry which includes due process considerations" (*Fiore v Oakwood Plaza Shopping Ctr.*, 78 NY2d 572, 577 [1991], *cert denied* 506 US 823 [1992]). In an action to enforce the judgment of a sister state, where the defendant raises the issue of lack of personal jurisdiction, this Court "must look to the jurisdictional statutes of the forum in which the judgment was rendered as well as due process considerations" (*Augusta Lbr. & Supply v Sabbeth Corp.*, 101 AD2d 846, 846 [1984]; *see Desai v Sterling Fibers*, 288 AD2d 428, 428-429 [2001]).

The relevant provision of New Jersey procedure allows the exercise of "long-arm" jurisdiction over nonresidents consistent with due process of law under the United States Constitution (*Avdel Corp. v Mecure*, 58 NJ 264, 268, 277 A2d 207, 209 [1971]; *see* NJ Rules of Ct rule 4:4-4). "The Due Process Clause of the Fourteenth Amendment to the United States Constitution permits personal jurisdiction over a defendant in any State with which the defendant has certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice" (*Calder v Jones*, 465 US 783, 788 [1984] [internal quotation marks omitted]). The "minimum contacts" requirement of due process "is satisfied so long as the contacts resulted from the defendant's purposeful conduct and not the unilateral activities of the plaintiff" (*Lebel v Everglades Mar., Inc.*, 115 NJ 317, 323, 558 A2d 1252, 1255 [1989]), and the defendant's "conduct and connection with the forum State" must be such that he or she could "reasonably anticipate being haled into court there" (*World-Wide Volkswagen Corp. v Woodson*, 444 US 286, 297 [1980]). In appropriate cases, the exercise of long-arm jurisdiction is consistent with due process where a nonresident defendant has never physically entered

the forum state, based upon the effects within the forum state of the defendant's purposeful conduct outside of the state (*see e.g. Lebel v Everglades Mar., Inc.*, 115 NJ at 324-327, 558 A2d at 1255-1257; *Halak v Scovill*, 296 NJ Super 363, 686 A2d 1245 [1997]; *Wolpert v North Shore Univ. Hosp.*, 231 NJ Super 378, 555 A2d 729 [1989]; *Halley v Myatt*, 2010 WL 1753110, 2010 NJ Super Unpub LEXIS 950 [2010]; *Lee v Rah*, 2011 WL 2802794, 2011 NJ Super Unpub LEXIS 1943 [2011]).

Here, the defendant's purposeful conduct in negotiating a transaction by mail and telephone with the New Jersey attorney for a New Jersey seller of property located in New Jersey established a sufficient basis for the exercise of long-arm jurisdiction over the defendant, consistent with due process (*see Lebel v Everglades Mar., Inc.*, 115 NJ at 324-327, 558 A2d at 1255-1257; *Halak v Scovill*, 296 NJ Super 363, 686 A2d 1245 [1997]; *Wolpert v North Shore Univ. Hosp.*, 231 NJ Super 378, 555 A2d 729 [1989]; *Halley v Myatt*, 2010 WL 1753110, 2010 NJ Super Unpub LEXIS 950 [2010]; *Lee v Rah*, 2011 WL 2802794, 2011 NJ Super Unpub LEXIS 1943 [2011]). Thus, the Supreme Court properly determined that the New Jersey judgment was entitled to full faith and credit.

Accordingly, the Supreme Court properly, upon reargument, in effect, adhered to its prior determination granting the plaintiff's motion for summary judgment. Angiolillo, J.P., Dickerson, Lott and Miller, JJ., concur.