■ STEVEN BRANDSTETTER et al., Appellants, v BALLY GAMING, INC., et al., Defendants, and INTERNATIONAL GAME TECHNOLOGY, et al., Respondents. [953 NYS2d 169]—

In an action commenced in Nevada to recover attorneys fees and costs, Steven Brandstetter and J&S Gaming, Inc., appeal from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated March 1, 2011, which denied the motion of Steven Brandstetter, inter alia, to vacate, insofar as asserted against him, a judgment of the District Court of the State of Nevada, County of Clark, entered August 3, 2009, which was filed with the Clerk of the Supreme Court, Suffolk County, pursuant to CPLR article 54.

Ordered that the appeal by J&S Gaming, Inc., is dismissed, without costs or disbursements, since it is not aggrieved by the order appealed from (*see Mixon v TBV, Inc.,* 76 AD3d 144 [2010]), and, in any event, the appeal has been abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is affirmed on the appeal by Steven Brandstetter, without costs or disbursements.

International Game Technology and Acres Gaming, Inc. (hereinafter together the International parties), obtained a judgment for attorney's fees and costs against Steven Brandstetter and J&S Gaming, Inc., in an action commenced in Nevada. Subsequently, the International parties filed the Nevada judgment in New York pursuant to the provisions of CPLR article 54. Brandstetter moved, inter alia, to vacate the judgment insofar as asserted against him. In an order dated March 1, 2011, the Supreme Court denied the motion.

Contrary to Brandstetter's contention, he failed to establish that the Nevada judgment was procured by fraud or by default in appearance (*see Renke v Kwiecinski,* 78 AD3d 919 [2010]; *Robinson v Robinson,* 240 AD2d 719, 719-720 [1997]; *Shine,*

*Julianelle, Karp, Bozelko & Karazin v Rubens*, 192 AD2d 345, 345-346 [1993], *cert denied* 511 US 1142 [1994]; *Summerour & Assoc. v Bradhill Indus.*, 91 AD2d 902, 903 [1983]). Thus, the Nevada judgment is entitled to full faith and credit (*see* CPLR 5401; US Const, art IV, § 1). Accordingly, the Supreme Court properly denied Brandstetter's motion, inter alia, to vacate the Nevada judgment insofar as asserted against him.

Brandstetter's remaining contentions are not properly before this Court. Rivera, J.P., Angiolillo, Chambers and Roman, JJ., concur.