■ MORIN BOATS, Respondent, v DANIEL ACIERNO, Appellant. [54 NYS3d 109]—

In an action to enforce an out-of-state judgment entered upon default, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from an order of the Supreme Court, Suffolk County (Tarantino, Jr., J.), dated June 12, 2015, which granted the motion and directed the Clerk of the Court to enter judgment in favor of the plaintiff and against him in the principal sum of $40,975.71.

Ordered that the order is affirmed, without costs or disbursements.

It is undisputed that the defendant, a New York resident, traveled to the plaintiff's place of business in Michigan for the purpose, inter alia, of retaining the plaintiff to perform restoration work on the defendant's boat. The plaintiff alleges that it completed the work but never received payment from the defendant.

In November 2013, the plaintiff commenced an action titled *Morin Boats v Daniel Acierno* (case No. 13-3740-CK-KS) in the 18th Circuit Court for Bay County, Michigan (hereinafter the Michigan action). The complaint asserted causes of action,

inter alia, alleging breach of contract and unjust enrichment. The defendant does not dispute that he was served in New York with a copy of the summons and complaint in the Michigan action. Nevertheless, the defendant failed to answer the complaint, and the plaintiff eventually obtained a default judgment against him in the principal sum of $40,975.71.

The plaintiff then commenced this action in New York to enforce the default judgment entered in the Michigan action, proceeding by motion for summary judgment in lieu of complaint pursuant to CPLR 3213. In support of the motion, the plaintiff averred, inter alia, that the subject judgment remained unsatisfied—a contention that is not disputed by the defendant. The Supreme Court granted the motion. We affirm.

The Full Faith and Credit Clause requires that a New York court afford the judgment of a sister State the same credit, validity, and effect that it would have in the State that rendered it (see US Const, art IV, § 1; *Boudreaux v State of La., Dept. of Transp.*, 11 NY3d 321, 325 [2008]). Where, as here, the out-of-state judgment was entered upon default, the plaintiff may proceed pursuant to CPLR 3213 for summary judgment in lieu of complaint (see *Ho v McCarthy*, 90 AD3d 710, 711 [2011]; *Madjar v Rosa*, 83 AD3d 1011 [2011]).

The plaintiff established its prima facie entitlement to recognition and enforcement of the Michigan default judgment against the defendant (see generally *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the defendant failed to raise a triable issue of fact.

Accordingly, the plaintiff's motion pursuant to CPLR 3213 for summary judgment in lieu of complaint was properly granted (see *Ho v McCarthy*, 90 AD3d at 710). Rivera, J.P., Chambers, Duffy and Barros, JJ., concur.