▇ TCA GLOBAL CREDIT MASTER FUND, L.P., Appellant, v PURESAFE WATER SYSTEMS, INC., et al., Defendants. [58 NYS3d 444]—

Appeal from an order of the Supreme Court, Nassau County (F. Dana Winslow, J.), dated May 9, 2015. The order denied the plaintiff's unopposed motion for summary judgment in lieu of complaint pursuant to CPLR 3213 to enforce a judgment of a Florida court without prejudice to renewal upon proper proof of personal jurisdiction over the defendants in the Florida court and "proof of service of the instant order upon each defendant by any method available pursuant to CPLR § 311 (except by delivery to the Secretary of State)."

Ordered that the order is modified, on the law, by deleting the provisions thereof requiring the plaintiff to furnish proof of the Florida court's personal jurisdiction over the defendants and "proof of service of the instant order upon each defendant by any method available pursuant to CPLR § 311 (except by delivery to the Secretary of State)," and substituting therefor a provision requiring the plaintiff to furnish "proof of additional service in compliance with CPLR 3215 (g) (4)"; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff commenced this action by motion for summary judgment in lieu of complaint pursuant to CPLR 3213 to enforce a default judgment of the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida (hereinafter the Florida court). Service of process on the defendants was made by delivery to the Secretary of State pursuant to Business Corporation Law § 306 (b). The defendants failed to appear or oppose the motion. However, in the order appealed from, the Supreme Court determined that the plaintiff failed to demonstrate that the Florida court had personal jurisdiction over the defendants, and expressed concern over the effectiveness of the service of process in that action and in this action. The court denied the plaintiff's motion without prejudice to renewal upon proper proof of the Florida court's personal jurisdiction over the defendants in the Florida action and proof of service of the order appealed from upon each defendant by any method available pursuant to CPLR 311, except by delivery to the Secretary of State. The plaintiff appeals.

"The full faith and credit clause of the United States Constitution (US Const, art IV, § 1) requires a judgment of one state court to have the same credit, validity, and effect in every other court of the United States, which it had in the state in which it was pronounced" (*Matter of Bennett*, 84 AD3d 1365, 1367 [2011]; *see Ho v McCarthy*, 90 AD3d 710, 711 [2011]). A default judgment of a sister State can be accorded full faith and credit, and "review by the courts of this State is limited to determining whether the rendering court had jurisdiction, an inquiry which includes due process considerations" (*Fiore v Oakwood Plaza Shopping Ctr.*, 78 NY2d 572, 577 [1991]; *see Ho v McCarthy*, 90 AD3d at 711; *Ionescu v Brancoveanu*, 246 AD2d 414, 416 [1998]). However, such an inquiry into the rendering court's personal jurisdiction over a defendant should only be made "where the defendant raises the issue of lack of personal jurisdiction" of the rendering court (*Ho v McCarthy*, 90 AD3d at 711; *see Buckeye Retirement Co., L.L.C., Ltd. v Lee*, 41 AD3d 183, 184 [2007]; *Rancho Santa Fe Assn. v Dolan-King*, 36 AD3d 460, 461 [2007]; *GNOC Corp. v Cappelletti*, 208 AD2d 498, 498 [1994]; *see also City Fed. Sav. Bank v Reckmeyer*, 178 AD2d 503 [1991]). Here, there was no jurisdictional challenge by the defendants. Accordingly, although the Supreme Court properly denied the plaintiff's motion without prejudice to renewal upon proper proof, it erred in requiring the plaintiff to furnish proof of the Florida court's personal jurisdiction over them.

Instead, the Supreme Court should have required only proof of additional service in compliance with CPLR 3215 (g) (4) (*see*

*Bono v DuBois*, 121 AD3d 932 [2014]; *Schilling v Maren Enters.*, 302 AD2d 375, 376 [2003]; *Puryear v Prokeen Mgt. Co., Inc.*, 49 Misc 3d 1207[A], 2015 NY Slip Op 51497[U] [Sup Ct, Kings County 2015]). As the proponent of an unopposed motion for summary judgment in lieu of complaint, the plaintiff still bore the burden of establishing, inter alia, that the defendants were properly served with the summons and motion (*see* CPLR 3213, 3215 [f]; *Cadle Co. v Ayala*, 47 AD3d 919, 920 [2008]). The affidavits of the process server established that the defendants were served with the summons and motion by delivery to the Secretary of State pursuant to Business Corporation Law § 306 (b). However, when a default judgment based upon nonappearance is sought against a domestic or authorized foreign corporation which has been served pursuant to Business Corporation Law § 306 (b), "an affidavit shall be submitted that an additional service of the summons by first class mail has been made upon the defendant corporation at its last known address at least twenty days before the entry of judgment" (CPLR 3215 [g] [4] [i]; *see Fried v Jacob Holding, Inc.*, 110 AD3d 56, 59 [2013]). The additional service of the summons by mail shall be accompanied by a notice to the corporation that service is being made or has been made pursuant to Business Corporation Law § 306 (b) (*see* CPLR 3215 [g] [4] [ii]). On its motion, the plaintiff failed to demonstrate compliance with the additional service requirements of CPLR 3215 (g) (4).

In light of our determination, we need not address the plaintiff's remaining contentions regarding the sufficiency of the proof in the record of the Florida court's personal jurisdiction over the defendants. Eng, P.J., Leventhal, Austin and Cohen, JJ., concur.