Cassis v Windswept Props., Inc. (2019 NY Slip Op 07381)





Cassis v Windswept Props., Inc.


2019 NY Slip Op 07381


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-13185
 (Index No. 4421/12)

[*1]Tina Cassis, respondent, 
v
Windswept Properties, Inc., et al., defendants, Eric Fauser, et al., appellants.


Sharon L. Silver, Islandia, NY, appellant pro se and for appellant Eric Fauser.



DECISION & ORDER
Appeal by the defendants Eric Fauser and Sharon Silver from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated October 30, 2017. The order denied the motion of the defendants Eric Fauser and Sharon Silver to vacate, insofar as asserted against them, a judgment of the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida, dated December 5, 2011, which was filed with the Clerk of the Supreme Court, Suffolk County, pursuant to CPLR 5402.
ORDERED that the order is affirmed, without costs or disbursements.
The defendants Eric Fauser and Sharon Silver (hereinafter together the defendants) personally guaranteed a debt owed to the plaintiff and secured by real property located in Ocala, Florida. The defendants failed to satisfy their payment obligations, prompting the plaintiff to commence a foreclosure action (hereinafter the Florida action) against them, as well as Windswept Properties, Inc., and Cassis Ocala, Inc., the title owners of the real property, in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida (hereinafter the Florida court). The plaintiff obtained a clerk's default against the defendants (see Fla R Civ P 1.500[a]) and thereafter moved for summary judgment. The defendants opposed the motion and cross-moved to set aside their default and to dismiss the Florida action insofar as asserted against them. The defendants did not raise lack of personal jurisdiction as a ground for either form of relief. The Florida court denied the motion and the cross motion by order dated February 12, 2011. The plaintiff then made an unopposed motion for a deficiency judgment, which the Florida court granted. The Florida court then issued a deficiency judgment dated December 5, 2011, in the plaintiff's favor and against the defendants, Windswept Properties, Inc., and Cassis Ocala, Inc., in the amount of $1,331,696.22 (hereinafter the Florida judgment).
The plaintiff filed the Florida judgment with the Clerk of the Supreme Court, Suffolk County, on February 14, 2012 (see CPLR 5401, 5402). By order to show cause filed April 26, 2016, the defendants moved in the Supreme Court, Suffolk County, to vacate the Florida judgment insofar as asserted against them. By order dated October 30, 2017, the court denied the defendants' motion. The defendants appeal. We affirm.
" The full faith and credit clause of the United States Constitution (US Const, art IV, § 1) requires a judgment of one state court to have the same credit, validity, and effect in every other court of the United States, which it had in the state in which it was pronounced'" (TCA Global [*2]Credit Master Fund, L.P. v Puresafe Water Sys., Inc., 151 AD3d 1098, 1099, quoting Matter of Bennett, 84 AD3d 1365, 1367). "As a matter of full faith and credit, review by the courts of this State is limited to determining whether the rendering court had jurisdiction, an inquiry which includes due process considerations" (Fiore v Oakwood Plaza Shopping Ctr., 78 NY2d 572, 577; see Ho v McCarthy, 90 AD3d 710, 711). "In an action to enforce the judgment of a sister state, where the defendant raises the issue of lack of personal jurisdiction, this Court must look to the jurisdictional statutes of the forum in which the judgment was rendered as well as due process considerations'" (Ho v McCarthy, 90 AD3d at 711, quoting Aguusta Lbr. & Supply v Sabbeth Corp., 101 AD2d 846, 846).
Here, the defendants argue that the Florida court lacked personal jurisdiction because the defendants did not have sufficient minimum contacts with Florida to justify the exercise of such jurisdiction (see Labry v Whitney Nat. Bank, 8 So 3d 1239, 1240). Under Florida law, however, the defendants waived that defense when they cross-moved to vacate the clerk's default and for dismissal of the Florida action, without asserting any such objection (see Dolan v Dolan, 81 So 3d 558, 559-560; Bank of America, N.A. v Lane, 76 So 3d 1007, 1009; Brivis Enters., Inc. v Von Plinski, 976 So 2d 1244, 1244; Caldwell v Caldwell, 921 So 2d 759, 760; Golden State Industries, Inc. v Cueto, 883 So 2d 817, 821; Rojas v Rojas, 723 So 2d 318, 318-319). The defendants thereby failed to establish that the Florida judgment was undeserving of full faith and credit (see CBP Intl., Inc, v Federal Labs. Corp., 103 AD3d 1183, 1184-1185; Brandstetter v Bally Gaming, Inc., 100 AD3d 583, 583-584; Boorman v Deutsch, 152 AD2d 48, 52-54; Martin v Caputo, 99 AD2d 566, 567). Accordingly, we agree with the Supreme Court's denial of the defendants' motion to vacate the Florida judgment.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court