█ In the Matter of HOWARD E. BENNETT, Also Known as WARD BENNETT, Deceased. DAVID WHITE, Appellant; ROBERT MIDDLETON et al., Respondents. [923 NYS2d 715]—

In a proceeding pursuant to SCPA 702 to obtain limited letters of administration for the estate of Howard E. Bennett, also known as Ward Bennett, the petitioner, David White, appeals, as limited by his brief, (1) from so much of an order of the Surrogate's Court, Suffolk County (Czygier, Jr., S.), entered December 21, 2009, as granted the motion of Robert Middleton to dismiss the amended petition, granted the motion of Andrew Sabin for leave to intervene in the proceeding, and revoked his ancillary letters testamentary, and (2) from so much of an order of the same court entered June 24, 2010, as, upon renewal and reargument, adhered to the original determination in the order dated December 21, 2009.

Ordered that the appeal from the order entered December 21, 2009, is dismissed, as that order was superseded by the order entered June 24, 2010, made upon renewal and reargument; and it is further,

Ordered that the order entered June 24, 2010, is affirmed insofar as appealed from, with one bill of costs payable by the appellant personally.

The decedent Howard E. Bennett, also known as Ward Bennett, was a Florida domiciliary at the time of his death on August 13, 2003. The decedent's will provided, inter alia, for the petitioner, David White, and Robert Middleton to each receive a 20% share of the decedent's multimillion dollar estate. The will was admitted to probate in Florida on September 22, 2003, and the decedent's nephew was appointed the fiduciary of the estate (hereinafter the Florida proceeding).

The Florida proceeding terminated pursuant to a settlement agreement dated June 30, 2004, in which White, Middleton, and the other beneficiaries under the decedent's will executed waivers of a final accounting and an acknowledgment of the sufficiency of payments received, and released the fiduciary from distributing any further payments (hereinafter the settlement).

While the Florida proceeding was still pending, White commenced this proceeding for the ancillary probate of the decedent's will in the Surrogate's Court, Suffolk County. He also commenced a discovery proceeding in the same court on April 7, 2005, pursuant to SCPA 2103 (hereinafter the discovery proceeding). The discovery proceeding sought to assert a cause of action alleging fraud with respect to the transfer of the decedent's home in East Hampton, New York (hereinafter the property), based on allegations that Middleton sold the property as the decedent's attorney-in-fact to an individual named Andrew Sabin in 2002, for substantially less than its fair market value.

The Surrogate's Court held the discovery proceeding in abeyance pending the determination of White's petition to reopen the Florida proceeding and establish a basis for the Surrogate's Court to exercise subject matter jurisdiction over the estate. The Florida court denied White's petition to reopen the Florida proceeding by order dated September 4, 2007, finding, inter alia, that White waived "any opportunity to maintain further proceedings in a Florida administration, as a predicate to the New York ancillary administration and litigation of the alleged fraud claim against Middleton" (hereinafter the Florida determination) and a similar release executed by the beneficiaries of the estate "preclude[d] reopening of an estate to pursue a contingent asset known to the beneficiaries at the time of the waivers and release."

Section 702 of the Surrogate's Court Procedure Act provides for the issuance of limited letters of administration, which restrict or limit the holder to perform specific acts on behalf of an estate (see SCPA 702). The circumstances under which limited letters of administration may issue include situations in which a party seeks to commence and maintain "any action or proceeding against the fiduciary, in his or her individual capacity, or against anyone else against whom the fiduciary fails or refuses to bring such a proceeding" (SCPA 702 [9]). "The objectives of SCPA 702 (8), (9) . . . are to allow for separate representation in the event the primary fiduciary has a conflict with regard to some aspect of administration, and to provide a mechanism for suing the fiduciary or anyone [else] the fiduciary should have

sued but did not (or will not)'' (1 Harris, New York Estates: Probate, Administration and Litigation § 11:164 [6th ed]).

The full faith and credit clause of the United States Constitution (US Const, art IV, § 1) requires a judgment of one state court to have the same credit, validity, and effect in every other court of the United States, which it had in the state in which it was pronounced, to avoid the duplicate litigation of issues which have been determined by the courts of another state (*see Matter of Luna v Dobson*, 97 NY2d 178, 183 [2001]). Absent a challenge to the jurisdiction of the issuing court (*see Fiore v Oakwood Plaza Shopping Ctr.*, 78 NY2d 572, 577 [1991], *cert denied* 506 US 823 [1992]; *Parker v Hoefer*, 2 NY2d 612, 616-617 [1957], *cert denied* 355 US 833 [1957]; *Renke v Kwiecinski*, 78 AD3d 919 [2010]), the Surrogate's Court properly gave the same preclusive effect to the Florida determination as it would grant a judgment rendered in the State of New York (*see Renke v Kwiecinski*, 78 AD3d 919 [2010]; Siegel, NY Prac § 471, at 797 [4th ed]). Since, as a result of the Florida determination, the fraud cause of action based on the transfer of the property was extinguished, the Surrogate's Court properly dismissed the petition for limited letters of administration (*cf. Matter of Horovitz*, 62 AD3d 999 [2009]; *Matter of Stoller*, 4 Misc 3d 538 [2004]; *Matter of McKean*, NYLJ, Sept. 2, 1998, at 23, col 6).

We need not reach the appellant's remaining contentions in light of our determination. Covello, J.P., Chambers, Lott and Miller, JJ., concur.