■ THOMAS F. CONLON, Appellant, v JAMES C. CONLON et al., Respondents, et al., Defendant. [990 NYS2d 825]—

In an action, inter alia, to set aside a deed dated August 9,

1996, on the ground of fraud, the plaintiff appeals (1) from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated July 5, 2012, as granted those branches of the motion of the defendants James C. Conlon and Susan Conlon which were for summary judgment dismissing the causes of action seeking to set aside the deed and seeking a judgment declaring that the plaintiff, the defendant James C. Conlon, and the defendant John L. Conlon each are seized and possessed in fee of an undivided one-third part of the subject premises as tenants in common, and (2) as limited by his brief, from so much of an order of the same court dated January 4, 2013, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated July 5, 2012, is dismissed, as the portions of the order appealed from were superseded by the order dated January 4, 2013, made upon reargument; and it is further,

Ordered that the order dated January 4, 2013, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants James C. Conlon and Susan Conlon.

Upon reargument, the Supreme Court properly granted those branches of the motion of the defendants James C. Conlon and Susan Conlon which were for summary judgment dismissing the causes of action seeking to set aside a deed dated August 9, 1996, and seeking a judgment declaring that the plaintiff, the defendant James C. Conlon, and the defendant John L. Conlon are each seized and possessed in fee of an undivided one-third part of the subject premises as tenants in common. The moving defendants demonstrated, prima facie, that these causes of action could have been raised in a probate proceeding in the Florida Circuit Court, which was resolved in an order dated July 20, 1999, and were thus barred by the doctrine of res judicata (*see O'Connell v Corcoran*, 1 NY3d 179, 184-185 [2003]; *In re Senate Joint Resolution of Legislative Apportionment 2-B*, 89 So 3d 872, 883-884 [Fla 2012]; *Caiazza v Merola*, 90 AD3d 491 [2011]; *see also Baker v General Motors Corp.*, 522 US 222, 235 [1998]; *Robertson v Howard*, 229 US 254, 261 [1913]). In opposition, the plaintiff failed to raise a triable issue of fact. Skelos, J.P., Lott, Roman and Cohen, JJ., concur.