Scott Miller et al., Appellants, v Wolfe Miller et al., Respondents. [58 NYS3d 573]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Martin, J.), dated June 4, 2015, as granted those branches of the defendants' cross motion which were for summary judgment dismissing the first through sixteenth, twenty-fifth, and twenty-sixth causes of action.

Ordered that the order is reversed insofar as appealed from, with costs, and those branches of the defendants' cross motion which were for summary judgment dismissing the first through sixteenth, twenty-fifth, and twenty-sixth causes of action are denied.

In July 2011, the plaintiffs commenced this action against Wolfe Miller, Richard Kolsch, and 14 corporate entities, including Four Boys I, LLC, Four Boys II, LLC, Four Boys III, LLC, Four Boys IV, LLC, and Four Boys VII, LLC (hereinafter collectively the LLCs and individually Four Boys I, Four Boys II, Four Boys III, Four Boys IV, and Four Boys VII). Miller and Kolsch held ownership interests in and/or managed the LLCs, and the plaintiffs, who are Miller's children, each held an ownership interest in Four Boys I, Four Boys II, Four Boys III,

and Four Boys IV, and allegedly held an ownership interest in Four Boys VII. The LLCs were formed under South Carolina law but maintained their principal place of business in New York. On or about June 18, 2014, the plaintiffs filed an amended complaint, wherein the first through sixteenth, twenty-fifth, and twenty-sixth causes of action pertained specifically to the LLCs and sought an accounting of each LLC and damages for breach of fiduciary duty, fraud, civil conspiracy, and unjust enrichment. The plaintiffs alleged that they were wrongfully denied an opportunity to inspect the LLCs' books and records; Kolsch, acting as manager of the LLCs, breached his fiduciary duties of care and loyalty to the plaintiffs; Miller was complicit in Kolsch's breaches of fiduciary duties; and Miller and Kolsch conspired to operate the LLCs in a manner that served only their pecuniary interests and was to the detriment of the LLCs and the plaintiffs.

While this action was pending, an action for judicial dissolution was also pending in the South Carolina Circuit Court (hereinafter the South Carolina Action). Prior to the commencement of this action, Four Boys III and Kolsch, as its managing member, commenced the South Carolina Action for judicial dissolution of Four Boys III pursuant to South Carolina Code Annotated § 33-44-801 (4). The complaint in the South Carolina Action, dated January 6, 2011, alleged that Four Boys III was formed for the purpose of owning and operating certain real property in South Carolina and that subsequent to its purchase, the property value had diminished to the extent that Four Boys III's corporate purpose was unreasonably frustrated. In an amended complaint dated December 6, 2011, causes of action for judicial dissolution of the remaining LLCs—Four Boys I, Four Boys II, Four Boys IV, and Four Boys VII—were added, alleging that each LLC's corporate purpose was to own and develop certain real property in South Carolina and that subsequent to the purchase of each property, the property value had diminished to the extent that each LLC's corporate purpose was unreasonably frustrated. By virtue of their ownership interests, the plaintiffs and Miller were named as defendants in the South Carolina Action. On November 7, 2013, the South Carolina Circuit Court issued a final order dissolving the LLCs, appointing Kolsch to wind up the LLCs' affairs, and providing that as part of the winding up Kolsch could preserve the LLCs' business for a reasonable time in order to, inter alia, prosecute and defend actions and proceedings, whether civil, criminal, or administrative.

In this action, on July 29, 2014, the plaintiffs moved for

summary judgment on several causes of action. The defendants cross-moved, inter alia, for summary judgment dismissing the first through sixteenth, twenty-fifth, and twenty-sixth causes of action, arguing that those causes of action were barred by the doctrines of full faith and credit and res judicata. In opposition to the cross motion, the plaintiffs argued that the issues raised in this action did not share the same subject matter as those raised in the South Carolina Action and therefore the South Carolina final order did not have preclusive effect.

The Supreme Court, inter alia, granted those branches of the defendants' cross motion which were for summary judgment dismissing the first through sixteenth, twenty-fifth, and twenty-sixth causes of action. The court determined that South Carolina's res judicata doctrine precluded not only relitigation of claims and issues that were decided, but also claims which could have been presented for determination. Based on this interpretation of South Carolina law, the court reasoned that the claims could have been raised in the South Carolina Action and thus would have been precluded in South Carolina. The court concluded that under the Full Faith and Credit Clause of the United States Constitution, it was bound to accord the South Carolina final order the same preclusive effect in New York as the order would have had in the issuing state. The plaintiffs appeal.

The Full Faith and Credit Clause of the United States Constitution requires that a " 'judgment of a state court should have the same credit, validity, and effect, in every other court of the United States, which it had in the state where it was pronounced' " (*Matter of Luna v Dobson*, 97 NY2d 178, 183 [2001], quoting *Underwriters Nat. Assurance Co. v North Carolina Life & Accident & Health Ins. Guaranty Assn.*, 455 US 691, 704 [1982]; *see* US Const, art IV, § 1; *Ho v McCarthy*, 90 AD3d 710, 711 [2011]; *Matter of Bennett*, 84 AD3d 1365, 1367 [2011]). One purpose of the clause is "to avoid the duplicate litigation of issues which have been determined by the courts of another state" (*Matter of Bennett*, 84 AD3d at 1367; *see Matter of Luna v Dobson*, 97 NY2d at 182). Absent a challenge to the jurisdiction of the issuing court (*see Matter of Bennett*, 84 AD3d at 1367), New York is required to give the same preclusive effect to a judgment from another state as it would have in the issuing state (*see e.g. O'Connell v Corcoran*, 1 NY3d 179, 184 [2003]; *Matter of Luna v Dobson*, 97 NY2d at 183; *Conlon v Conlon*, 120 AD3d 539, 540 [2014]). Here, there is no challenge to the jurisdiction of South Carolina to issue the final order dissolving the LLCs. Thus, the Supreme Court properly

concluded that it was required to give the South Carolina order the same preclusive effect it would have had under South Carolina's law.

However, the Supreme Court erroneously concluded that under South Carolina law the final order would have barred the plaintiff from asserting the first through sixteenth, twenty-fifth, and twenty-sixth causes of action. Under South Carolina law, " '[r]es judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties' " (*Judy v Judy*, 393 SC 160, 172, 712 SE2d 408, 414 [2011], quoting *Plum Creek Dev. Co. v City of Conway*, 334 SC 30, 34, 512 SE2d 106, 109 [1999]; *see Catawba Indian Nation v State*, 407 SC 526, 537, 756 SE2d 900, 906 [2014]). "Under the doctrine of res judicata, '[a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit' " (*Judy v Judy*, 393 SC at 172, 712 SE2d at 414, quoting *Plum Creek Dev. Co. v City of Conway*, 334 SC at 34, 512 SE2d at 109; *see Catawba Indian Nation v State*, 407 SC at 537, 756 SE2d at 906-907). Thus, application of res judicata requires (1) identity of the parties or their privies, (2) identity of the subject matter of the litigation, and (3) a prior adjudication of the issue by a court of competent jurisdiction (*see Zinn v CFI Sales & Mktg., Ltd.*, 415 SC 93, 105-106, 780 SE2d 611, 618 [2015]; *Catawba Indian Nation v State*, 407 SC at 538, 756 SE2d at 907; *Judy v Judy*, 393 SC at 172, 712 SE2d at 414; *RIM Assoc. v Blackwell*, 359 SC 170, 182, 597 SE2d 152, 159 [2004]; *Plum Creek Dev. Co. v City of Conway*, 334 SC at 34, 512 SE2d at 109). In determining whether there is identity of subject matter, courts should examine whether the underlying facts and law of one action could give rise to the subsequent claims (*see Plum Creek Dev. Co. v City of Conway*, 334 SC at 35, 512 SE2d at 109) and, inter alia, whether the subject matter was the same, whether the cases involved the same primary right held by the plaintiff and a primary wrong committed by the defendant, whether the evidence was the same, and whether the claims arose out of the same transaction or occurrence as the prior action (*see Judy v Judy*, 393 SC at 171 n 7, 172-173, 712 SE2d at 414 and n 7).

Applying these principles to the facts of this case, while there was identity of parties, there was neither identity of subject matter nor an adjudication of the issues raised in the Supreme Court. Notably, the South Carolina Action pertained to the limited issue of whether the LLCs met South Carolina's statu-

tory requirements for judicial dissolution (*see* SC Code Ann § 33-44-801 [4]). The sole factual issue before the South Carolina Circuit Court was whether each LLC's corporate purpose had been frustrated by virtue of diminished property value. The judicial dissolution action did not involve the same underlying facts or law (*see Judy v Judy*, 393 SC at 172, 712 SE2d at 414; *Plum Creek Dev. Co. v City of Conway*, 334 SC at 35, 512 SE2d at 109), nor was there identity as to a primary right held by the plaintiff and a primary wrong committed by the defendants (*see Nunnery v Brantley Constr. Co., Inc.*, 289 SC 205, 210, 345 SE2d 740, 743 [1986]). The evidence required for the causes of action raised in this action was not the same as that required for the South Carolina Action (*see Judy v Judy*, 393 SC at 171 n 7, 172-173, 712 SE2d at 414 and n 7), and it cannot be said that the claims in this action arose from the "the same transaction or occurrence" as the subject matter in the South Carolina Action such that the claims here would have undermined the enforceability of the South Carolina final order (*see id.*; *North Carolina Fed. Sav. & Loan Assoc. v DAV Corp.*, 298 SC 514, 518, 381 SE2d 903, 905 [1989]).

In light of our determination, the parties' remaining contentions have been rendered academic.

Accordingly, the Supreme Court should have denied those branches of the defendants' cross motion which were for summary judgment dismissing the first through sixteenth, twenty-fifth, and twenty-sixth causes of action. Rivera, J.P., Sgroi, Miller and Brathwaite Nelson, JJ., concur.