Li v Peng (2018 NY Slip Op 03337)





Li v Peng


2018 NY Slip Op 03337


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2015-06278
2018-04311
2018-04313
2018-04314
 (Index No. 707034/14)

[*1]Feng Li, et al., appellants, 
v
Diana Peng, etc., et al., respondents.


Feng Li, New York, NY, and Kenneth Ellman, Newton, New Jersey, appellants pro se (one brief filed).
Wilentz, Goldman & Spitzer, P.A., New York, NY (Willard C. Shih of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for declaratory relief, the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Valerie Brathwaite Nelson, J.), entered March 11, 2015, which denied their motion for summary judgment on the seventh cause of action, (2) an order of the same court entered June 29, 2015, which denied their motion for leave to serve a supplemental pleading, (3) an order of the same court entered July 6, 2015, which granted the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the amended complaint as barred by the doctrine of collateral estoppel, and (4) an order of the same court entered July 13, 2015, which denied, as academic, the defendants' motion to quash two judicial subpoenas duces tecum and ad testificandum issued to nonparties.
ORDERED that the appeal from the order entered July 13, 2015, is dismissed, as the plaintiffs are not aggrieved thereby (see CPLR 5511); and it is further,
ORDERED that the order entered July 6, 2015, is affirmed; and it is further,
ORDERED that the appeals from the orders entered March 11, 2015, and June 29, 2015, are dismissed as academic in light of our determination of the appeal from the order entered July 6, 2015; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The defendants are former clients and the representatives of the estates of former clients (hereinafter collectively the clients) of the plaintiff Feng Li, an attorney who represented the clients in an action commenced in the Supreme Court, Queens County (hereinafter the underlying action), against Fabian A. Sy and others (hereinafter collectively the Sy defendants), inter alia, to recover damages for fraud and breach of fiduciary duty. The underlying action was commenced by other counsel in 1990, and the clients engaged Feng Li in 2005. The retainer agreement provided [*2]that Feng Li's fee for prosecuting the underlying action would be determined based on the "net recovery," defined to exclude prejudgment interest. The retainer agreement listed a New Jersey address and phone number for Feng Li.
In March 2008, the Supreme Court, after a nonjury trial, entered judgment in the underlying action in favor of the clients and against the Sy defendants in the total sum of approximately $3.4 million, consisting of principal awards to the clients totaling approximately $1.3 million, plus interest from September 1990, and costs and disbursements.
The Sy defendants appealed from the judgment, and the clients, represented by Feng Li, cross-appealed. Pending determination of the appeal and cross appeal, the Sy defendants posted an undertaking with the Commissioner of Finance. In a decision and order dated May 5, 2009, this Court affirmed the judgment (see Huang v Sy, 62 AD3d 660), and the Commissioner of Finance thereafter released to Feng Li so much of the undertaking as would satisfy the March 2008 judgment, plus postjudgment interest.
Around the time that the Commissioner of Finance released the funds, a dispute arose between Feng Li and the clients as to the calculation of Feng Li's legal fees in connection with the underlying action. In late August 2009, while the fee dispute was still unresolved, Feng Li disbursed approximately $1.2 million of the amount collected on behalf of the clients to himself, and remitted the remaining amount, approximately $2.8 million, to the clients. Feng Li was subsequently disbarred in New Jersey and suspended from the practice of law in New York for misappropriating the disputed portion of his legal fee (see Matter of Feng Li, 149 AD3d 238; In re Feng Li, 213 NJ 523).
On September 11, 2009, the clients commenced an action against Feng Li and his law firm in the Superior Court of New Jersey, Middlesex County (hereinafter the New Jersey action), seeking a judgment declaring the amount of fees to which Feng Li was entitled for his work in connection with the underlying action. The clients also moved in the New Jersey action for a temporary restraining order barring Feng Li from dissipating the disputed funds. Feng Li opposed the motion and cross-moved to dismiss the New Jersey action on the ground, inter alia, that the New Jersey court lacked jurisdiction over the fee dispute, which should instead be brought before the courts of New York. After hearing oral argument, the New Jersey court granted the clients' motion for a temporary restraining order and denied Feng Li's cross motion.
On September 30, 2014, Feng Li, together with the plaintiff Kenneth Ellman (hereinafter together the plaintiffs), as assignee of certain accounts receivable previously owned by Feng Li and allegedly payable by the clients, commenced this action, seeking a judgment declaring that Feng Li was entitled to the full amount of the funds he had disbursed to himself in August 2009, as well as an award of damages from the clients for breach of contract and alleged tortious conduct in challenging Feng Li's right to the disputed funds.
The clients moved for summary judgment on their complaint in the New Jersey action. Feng Li opposed the motion, arguing, inter alia, that the agreed-upon contingency fee did not include his work in collecting the judgment and on appeal in the underlying action, and reiterating his earlier contention that the New Jersey court lacked subject matter jurisdiction over the fee dispute. On January 30, 2015, the New Jersey court awarded summary judgment to the clients on their complaint, and on February 12, 2015, the New Jersey court entered a judgment in favor of the clients and against Feng Li and his firm in the total sum of approximately $1 million.
The clients moved in the instant action pursuant to CPLR 3211(a)(5) to dismiss the amended complaint based on the doctrine of collateral estoppel, in light of the New Jersey judgment in their favor. In opposition, the plaintiffs continued to argue that the New Jersey court lacked subject matter jurisdiction over the fee dispute. In an order entered July 6, 2015, the Supreme Court granted the clients' motion, finding that, as a matter of full faith and credit, the New Jersey judgment precluded the plaintiffs from relitigating the fee dispute in New York.
The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from litigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349; Ryan v New York Tel. Co., 62 NY2d 494, 500). The doctrine applies if the issue in the second action was raised, necessarily decided, and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d at 349).
"The full faith and credit clause of the United States Constitution (US Const, art IV, § 1) requires a judgment of one state court to have the same credit, validity, and effect in every other court of the United States, which it had in the state in which it was pronounced, to avoid the duplicate litigation of issues which have been determined by the courts of another state" (Matter of Bennett, 84 AD3d 1365, 1367; see Miller v Miller, 152 AD3d 662, 664; Ho v McCarthy, 90 AD3d 710, 711). The full faith and credit requirement, which encompasses the doctrines of res judicata and collateral estoppel (see San Remo Hotel, L.P. v City & County of San Francisco, 545 US 323, 336; Khalled v Blanc, 96 AD3d 1574, 1576), "precludes any inquiry into the merits of the judgment, the logic or consistency of the decision underlying it or the validity of the legal principles on which it is based" (Cadle Co. v Tri-Angle Assoc., 18 AD3d 100, 103).
"As a matter of full faith and credit, review by the courts of this State is limited to determining whether the rendering court had jurisdiction, an inquiry which includes due process considerations" (Fiore v Oakwood Plaza Shopping Ctr., 78 NY2d 572, 577). Here, however, Feng Li previously challenged the jurisdiction of the New Jersey court, and the New Jersey court found that it had jurisdiction over the fee dispute. As a result, the plaintiffs are barred from relitigating that issue in the Supreme Court (see Baldwin v Iowa State Traveling Men's Assn., 283 US 522, 524-525; Vander v Casperson, 12 NY2d 56, 59-60; CIBC Mellon Trust Co. v Mora Hotel Corp., 296 AD2d 81, 91-92).
The Supreme Court properly determined that the judgment entered in the New Jersey action had conclusively disposed of all of the plaintiffs' claims and, therefore, the plaintiffs are collaterally estopped from maintaining the instant action (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d at 350).
The plaintiffs' remaining contentions regarding the order entered July 6, 2015, are without merit.
CHAMBERS, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court