Balboa Capital Corp. v Plaza Auto Care, Inc. (2019 NY Slip Op 08645)





Balboa Capital Corp. v Plaza Auto Care, Inc.


2019 NY Slip Op 08645


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-11757
 (Index No. 150496/18)

[*1]Balboa Capital Corporation, etc., appellant,
v
Plaza Auto Care, Inc., etc., et al., respondents.


Becker LLC, New York, NY (Joseph F. Falgiani of counsel), for appellant.



DECISION & ORDER
In an action to enforce a foreign judgment and an order, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated September 11, 2018. The order, inter alia, denied the plaintiff's motion for summary judgment in lieu of complaint.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213 is granted.
Following a trial on its claim for breach of a leasing agreement, the plaintiff obtained a judgment, dated October 24, 2017, from the Superior Court of California, County of Orange, awarding it the sum of $51,434.90 against the defendants jointly and severally. Subsequently, in an order dated December 21, 2017, the same court awarded the plaintiff, inter alia, $18,150 in attorney's fees. The plaintiff then commenced this action by motion for summary judgment in lieu of complaint pursuant to CPLR 3213 to enforce the judgment and the order. The defendants opposed the motion, arguing, in effect, that the California judgment was erroneously entered because the defendants had not breached the subject leasing agreement. The Supreme Court, inter alia, denied the plaintiff's motion for summary judgment in lieu of complaint. The plaintiff appeals.
The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the judgment and the order, which obligated the defendants to pay the plaintiff certain amounts, and evidence that the defendants had not paid the amounts awarded therein (see CPLR 3213; Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 383; Loewenberg v Basnight, 172 AD3d 1356, 1357; Ahmad v Luce, 147 AD3d 888). In opposition, the defendants failed to raise a triable issue of fact as to a bona fide defense.
The full faith and credit clause of the United States Constitution (US Const, art IV, § 1) requires that the public acts, records, and judicial proceedings of each state be given full faith and credit in every other state. The purpose of the clause is to avoid conflicts between states in adjudicating the same matters (see Matter of Luna v Dobson, 97 NY2d 178, 182). "The doctrine establishes a rule of evidence . . . which requires recognition of the foreign judgment as proof of the prior-out-of-State litigation and gives it res judicata effect, thus avoiding relitigation of issues in one State which have already been decided in another" (Matter of Farmland Dairies v Barber, 65 NY2d 51, 55; see Matter of Luna v Dobson, 97 NY2d at 182-183). "Absent a challenge to the jurisdiction of the issuing court, New York is required to give the same preclusive effect to a judgment from [*2]another state as it would have in the issuing state" (Miller v Miller, 152 AD3d 662, 664 [citation omitted]; see Matter of Bennett, 84 AD3d 1365, 1367), and it is precluded from inquiring into the merits of the judgment (see Fiore v Oakwood Plaza Shopping Ctr., 78 NY2d 572, 577; Parker v Hoefer, 2 NY2d 612, 616; Feng Li v Peng, 161 AD3d 823, 826).
Here, the defendants did not challenge the jurisdiction of the California court, but instead, sought to relitigate the merits underlying that court's determination. The Supreme Court should not have considered the defendants' attack on the merits of the California determination. Since the defendants failed to raise a triable issue of fact in opposition to the plaintiff's prima facie showing, the court should have granted the plaintiff's motion for summary judgment in lieu of complaint.
MASTRO, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court