Ameneyro v Hernandez (2024 NY Slip Op 03397)

Ameneyro v Hernandez

2024 NY Slip Op 03397

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-03446
 (Index No. 550353/21)

[*1]David Ameneyro, respondent, 
v
Perla Xochitl Hernandez, appellant.

Carol Kahn, New York, NY, for appellant.
Jeffrey C. Bluth, New York, NY, attorney for the child.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a resettled order of the Supreme Court, Kings County (Eric I. Prus, J.), dated March 27, 2023. The resettled order, insofar as appealed from, granted that branch of the plaintiff's motion which was to direct the defendant to return the parties' child to New York.
ORDERED that the resettled order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the married parents of one child, born in 2017. In August 2020, the defendant and the child relocated from Brooklyn to Pennsylvania. The plaintiff filed a police report, alleging that the child was abducted by the defendant. The defendant commenced a custody proceeding in Pennsylvania, and the plaintiff commenced this action for a divorce and ancillary relief in New York, seeking, inter alia, custody of the child.
The Court of Common Pleas of Montgomery County, Pennsylvania (hereinafter the Court of Common Pleas), issued an order dated January 26, 2021, awarding the defendant temporary custody of the child (hereinafter the temporary custody order). The temporary custody order provided that each party had the right to file an application to relist the matter for a hearing within 60 days or the temporary custody order would become final. On February 26, 2021, the plaintiff moved to vacate the temporary custody order and to dismiss the custody petition, contesting jurisdiction. Thereafter, prior to May 4, 2022, a conference took place pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (Domestic Relations Law art 5-A; hereinafter UCCJEA) wherein the Court of Common Pleas and the Supreme Court were in agreement that jurisdiction was properly in New York. The Pennsylvania custody proceeding was subsequently closed. In a resettled order dated March 27, 2023, the Supreme Court granted those branches of the plaintiff's motion which were for a declaration that New York is the home state of the child pursuant to UCCJEA and to direct the defendant to return the child to New York. The defendant appeals from the resettled order dated March 27, 2023. On appeal, the defendant does not oppose jurisdiction in New York.
"The full faith and credit clause of the United States Constitution (US Const, art IV, § 1) requires a judgment of one state court to have the same credit, validity, and effect in every other [*2]court of the United States, which it had in the state in which it was pronounced, to avoid the duplicate litigation of issues which have been determined by the courts of another state" (Matter of Bennett, 84 AD3d 1365, 1367). "Absent a challenge to the jurisdiction of the issuing state, New York is required to give the same preclusive effect to a judgment from another state as it would have in the issuing state" (Miller v Miller, 152 AD3d 662, 664 [citation omitted]). Here, there is no judgment of custody in Pennsylvania for this Court to give full faith and credit to. Furthermore, the resettled order appealed from determined that New York is the child's home state in accordance with UCCJEA and does not make any determination as to custody.
The defendant's remaining contentions are without merit.
Accordingly, we affirm the resettled order insofar as appealed from.
CONNOLLY, J.P., GENOVESI, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court