24-140-cv
*Banga v. Lustig*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of July, two thousand twenty-five.

PRESENT:
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

Kamlesh Banga,

> *Plaintiff-Appellant,*

v.                                                            24-140

Lawrence R. Lustig, M.D., Does 1 through 5, Inclusive,

> *Defendants-Appellees,*

**The Regents of the University of California,**

                     *Defendant.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | KAMLESH BANGA, *pro se*, Vallejo, CA. |
| **FOR DEFENDANT-APPELLEE:** | David T. Shuey, Rankin, Shuey, Mintz, Lampasona & Harper, Oakland, CA. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED IN PART** and **VACATED IN PART**, and the case is **REMANDED**.

Plaintiff-Appellant Kamlesh Banga, proceeding *pro se*, sued Dr. Lawrence Lustig, invoking diversity jurisdiction and raising various California state law claims. Banga alleged that Lustig failed to provide her medical records for audiological testing, which negatively impacted her settlement in a personal injury action in California state court and caused her to undergo unnecessary testing, evaluation, and procedures. Lustig moved to dismiss Banga's complaint as barred by res judicata and the applicable statutes of limitations. A magistrate judge recommended granting Lustig's motion to dismiss, agreeing that Banga's claims were either barred by res judicata or time-barred. *See Banga v. Lustig*, No. 22-CV-9825, 2023 WL 9099985 (S.D.N.Y. Oct. 30, 2023). The district court adopted the magistrate judge's report and recommendation except as to one claim, which it concluded was timely, but over which it declined to exercise supplemental jurisdiction. *See Banga v. Lustig*, No. 22-CV-9825, 2023 WL 8805690 (S.D.N.Y. Dec.

20, 2023). Banga timely appealed. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

## I

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Mazzei v. The Money Store*, 62 F.4th 88, 92 (2d Cir. 2023) (internal quotation marks omitted). "Our review of a district court's application of *res judicata* is also *de novo.*" *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014). "The application of a statute of limitations presents a legal issue and is also reviewed *de novo.*" *Horror Inc. v. Miller*, 15 F.4th 232, 241 (2d Cir. 2021) (internal quotation marks omitted).

## II

Banga argues that the district court erred by dismissing her claims for common count, unjust enrichment, constructive fraud, and breach of fiduciary duty as barred by res judicata based on her prior action in California state court. We disagree.

"The law governing the doctrine of *res judicata* in a diversity action is 'the law that would be applied by state courts in the State in which the federal diversity court sits.'" *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 600 F.3d 190, 195 (2d Cir. 2010) (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001)). New York courts "give the same preclusive effect to a judgment from another state as [the judgment] would have in the issuing state." *Miller v. Miller*, 152 A.D.3d 662, 664 (2d Dep't 2017); *see also O'Connell v. Corcoran*, 1 N.Y.3d 179, 184 (2003). In California, res judicata bars successive litigation when "(1) [a] claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in

3

privity with a party to the prior proceeding." *Boeken v. Phillip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010) (internal quotation marks omitted).

In this case, Banga's claims for common count, unjust enrichment, constructive fraud, and breach of fiduciary duty assert the same primary rights as her California action, namely the right to receive medical records for paid-for testing and the right to be free from spoliation of evidence. In addition, both Banga and Lustig were parties to the California action, which resulted in a judgment on the merits when the demurrer was sustained for failure to state viable spoliation claims based on the same facts alleged in this case. The district court properly concluded that res judicata barred Banga's claims for common count, unjust enrichment, constructive fraud, and breach of fiduciary duty in this case.

### III

Banga next argues that the district improperly dismissed her emotional distress claims and all but one of her California Health & Safety Code § 123110 claims as time-barred under California law. She also argues that the district court erred by failing to consider whether she stated a timely claim under California Business & Professions Code § 17200 based her alleged March 2020 request for medical records. We disagree on both points.

"Where jurisdiction rests upon diversity of citizenship, a federal court sitting in New York must apply the New York choice-of-law rules and statutes of limitations." *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998). Under New York law, "[w]hen a nonresident sues on a cause of action accruing outside New York, CPLR 202 requires the cause of action to be timely under the limitation periods of both New York and the jurisdiction where the cause of action accrued." *Global Fin. Corp. v. Triarc Corp.*, 715 N.E.2d 482, 484 (N.Y. 1999). Here, Banga is a California resident, and her causes of action accrued in California; therefore, her claims had to be timely under both California and New York law.

4

The district court correctly concluded that Banga's emotional distress claims were time-barred under California's two-year statute of limitations. *See* Cal. Civ. Proc. § 335.1; *Wassmann v. S. Orange Cnty. Cmty. Coll. Dist.*, 234 Cal. Rptr. 3d 712, 732 (Cal. Ct. App. 2018). "A cause of action for intentional infliction of emotional distress accrues, and the statute of limitations begins to run, once the plaintiff suffers severe emotional distress as a result of outrageous conduct on the part of the defendant." *Wassmann*, 234 Cal. Rptr. 3d at 732 (quoting Cantu v. Resol. Tr. Corp., 6 Cal. Rptr. 2d 151, 170 (Cal. Ct. App. 1992)). In this case, Banga's alleged unnecessary testing occurred in 2012, 2013, and 2014. The latest she could have discovered these tests were unnecessary was 2019, when she received a state investigative report. Because Banga filed this action more than two years after that, in November 2022, the district court properly dismissed her emotional distress claims as time-barred under California law.

As to Banga's claims under California Health & Safety Code § 123110, the district court properly concluded that all but one were time-barred. The limitations period for § 123110 claims is three years. *See* Cal. Civ. Proc. § 338(a). Under § 123110, health care providers must provide a copy of medical records within fifteen days of a patient's request. Cal. Health & Safety § 123110(b)(1). Banga alleged that she requested records from Lustig during the period 2012-2014, and again in March 2020. The district court correctly held that Banga's § 123110 claims based on record requests from 2014 or earlier were untimely but that she plausibly stated a timely § 123110 claim based on her request in March 2020, which was less than three years before she filed this action.

The district court did not err in dismissing as untimely Banga's claim under California Business & Professions Code § 17200, notwithstanding Banga's alleged March 2020 request for medical records. Under California law, a claim under the Unfair Competition Law must be brought within four years of accrual. *See* Cal. Bus. & Prof. § 17200. California applies "the traditional last element rule" to determine when such claims accrue. *Aryeh v. Canon Bus. Sols., Inc.*, 292 P.3d 871, 876 (Cal. 2013). Under this rule, a claim accrues "when it is complete with all of its

elements." *Id.* at 875 (internal quotation marks and alteration omitted). Here, all elements of Banga's § 17200 claim were complete by December 2014, when she settled her underlying lawsuit on unfavorable terms due to Lustig's alleged failure to provide her medical records. *See Kwikset Corp. v. Superior Ct.*, 246 P.3d 877, 887 (Cal. 2011) (requiring that the "unfair competition" caused an "economic injury" to sufficiently plead a claim). Her subsequent March 2020 request for the same records she had been denied in 2014 did not restart the limitations period, particularly in the absence of plausible allegations attributing an economic injury to the non-fulfillment of that request. Neither the continuous accrual doctrine nor the continuous violation doctrine applies here because Banga was requesting the same medical records previously denied—not suffering a separate or ongoing violation—and she was aware the denials warranted action when she had to settle her lawsuit in 2014. Accordingly, Banga's § 17200 claim was time-barred when filed in 2022.

**IV**

Finally, Banga argues that the district court erroneously dismissed her timely § 123110 claim for lack of jurisdiction. We agree.

The district court concluded that Banga stated a timely § 123110 claim based on her alleged request for records from Lustig in March 2020, but it dismissed the claim after it declined to exercise supplemental jurisdiction over it. The district court determined that because "the claims that supported diversity jurisdiction [had been] dismissed," the relevant question was "whether to exercise supplemental jurisdiction over the remaining claim under § 123110." *Banga*, 2023 WL 8805690, at *6. That was incorrect. The district court "confused (i) state-law claims that are supplemental to claims within the court's original jurisdiction (which are covered by 28 U.S.C. § 1367 and heard at the discretion of the district court) with (ii) state-law claims that are aggregated to satisfy the amount in controversy requirement for diversity (which are within the court's original

6

jurisdiction)." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 64-65 (2d Cir. 1999).

Section 1332(a) provides that in diversity suits the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." 28 U.S.C. § 1332(a)(1). "Since the diversity statute confers jurisdiction over 'civil actions' rather than specific claims alleged in a complaint, a plaintiff is permitted to aggregate claims in order to satisfy the amount in controversy requirement." *Wolde-Meskel*, 166 F.3d at 62. "[A]ggregated claims have never been treated individually for jurisdictional purposes." *Id.* at 65. Accordingly, "[w]hen state law claims are aggregated, regardless of the amounts at issue, all of them together are 'original,' and none of the constituent claims are 'supplemental.'" *Id.*

In this case, the district court had original, not supplemental, jurisdiction over Banga's timely § 123110 claim. Banga's complaint aggregated multiple state law claims to satisfy the amount-in-controversy requirement, thereby establishing "jurisdiction in diversity over [the] complaint as a whole." *Id.* at 61. Banga's § 123110 claim was part of this aggregation and was thus an "original" claim for jurisdictional purposes. The district court's dismissal of Banga's other claims did not change that fact. *See id.* at 62 ("Federal diversity jurisdiction is not lost by post-filing events that change or disturb the state of affairs on which diversity was properly laid at the outset."); *see also Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 398-99 (2d Cir. 2003) (holding that a district court cannot use res judicata, an affirmative defense, to reduce the amount in controversy). Therefore, regardless of the value of the remaining § 123110 claim,[1] the district court's

---

[1] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006) (internal quotation marks omitted). "[T]he amount in controversy is calculated from the plaintiff's standpoint; the value of the suit's intended benefit or the value of the right being

dismissal of all Banga's other claims did not defeat diversity jurisdiction over that remaining claim.

<p style="text-align:center">*     *     *</p>

We have considered Banga's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court to the extent it (1) dismissed Banga's claims for common count, unjust enrichment, constructive fraud, and breach of fiduciary duty as barred by res judicata, and (2) dismissed her claims for emotional distress, her claims under California Business & Professions Code § 17200, and all but one of her claims under California Health & Safety Code § 123110 as time-barred. We vacate the judgment insofar as the district court dismissed the remaining § 123110 claim for lack of jurisdiction. We remand for further proceedings as to that claim.

<div style="margin-left:40%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>

---

protected or the injury being averted constitutes the amount in controversy when damages are not requested." *Id.* (internal quotation marks omitted). Therefore, even if Banga's remaining § 123110 claim had been the sole claim raised in her complaint, the fact that the claim was exclusively for injunctive relief, alone, would not necessarily bar diversity jurisdiction.